UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSEPH ANTONETTI,                )    3:10-cv-00158-ECR-WGC
                                 )
            Plaintiffs,          )
                                 )    **ORDER**
    vs.                          )
                                 )
HOWARD SKOLNIK, *et al.*,        )
                                 )
            Defendants.          )
_____  )

        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. His application to proceed *in forma pauperis* has been granted (docket #5), and the court screened his original complaint (*see* docket #6). At a hearing on June 20, 2011, the court granted plaintiff's oral motion to amend his complaint in order to formally add defendants who were already referred to in the body of the original complaint but were not named defendants (docket #28). Before the court is plaintiff's amended complaint (docket #29).

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

        Plaintiff's amended complaint is merely a copy of his original complaint, with additional pages listing the additional defendants. Most of the defendants that have been added are referred to in the body of the amended complaint (as in the original). However, while plaintiff has added the

following named defendants, the court can discern no allegations against them in the 75-page amended complaint (or the original) whatsoever: Marshall, Wuest, Graham, Deal, Miller Smith, Carson, Sablica, and Hoover. Plaintiff was advised in the Screening Order dated October 25, 2010 that § 1983 requires that he allege an actual connection or link between the actions of defendants and the alleged constitutional deprivation. Moreover, most of these defendants are identified as personnel who responded to grievances, and plaintiff's claim of lack of access to the grievance procedure was dismissed in the Screening Order dated October 25, 2010. Accordingly, these defendants are dismissed from this action.

With the exception of the dismissal of the defendants listed above, because the claims set forth in the amended complaint are identical to the original complaint, this action shall proceed as set forth in the Screening Order dated October 25, 2010 (docket #6).

**IT IS THEREFORE ORDERED** that all claims against the following defendants named in plaintiff's amended complaint (docket #29) are **DISMISSED**: Marshall, Wuest, Graham, Deal, Miller Smith, Carson, Sablica, and Hoover. These defendants are dismissed from this action.

**IT IS FURTHER ORDERED** that this action shall proceed on the amended complaint (docket #29) as set forth in the court's Screening Order dated October 25, 2010 (docket #6).

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's amended complaint (docket #29), on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s). If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 21st day of September 2011.

_____
UNITED STATES DISTRICT JUDGE