**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH ANTONETTI, ) | 3:10-cv-00158-ECR-WGC |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| HOWARD SKOLNIK, *et al.*, ) | |
| Defendants. ) | |

On September 22, 2011, the court issued a Screening Order dismissing certain defendants and directing that the action shall otherwise proceed in conformance with the Screening Order dated October 25, 2010 (ECF # 32). Plaintiff has filed two motions for reconsideration (ECF #s 33 and 37). However, in the first motion for reconsideration, plaintiff merely advises the court that he never received at least one of the Screening Orders and also expresses general disagreement with the court's conclusions (ECF #33). Accordingly, this motion is denied. On October 11, 2011, the court directed the Clerk to send plaintiff copies of several orders (ECF #35). Plaintiff then filed a second motion for district judge to reconsider order, to which the court now turns (ECF #37).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the Order dated October 25, 2010 (ECF #6), the court dismissed some claims and directed that others shall proceed. In his motion, plaintiff argues that some of the claims should not have been dismissed. For example, he acknowledges that an inmate has no constitutional right to a prison grievance procedure, but argues that the fact that his efforts to exhaust his administrative claims were frustrated rises to a constitutional violation of his right to access to the courts (ECF #37). While plaintiff is generally correct that under the Prison Litigation Reform Act (PLRA), an inmate may not file suit in federal court until he exhausts all available administrative remedies, 42 U.S.C. § 1997e(a), the Ninth Circuit discussed possible exceptions to the PLRA's exhaustion requirement in *Nunez v. Duncan*, 591

2

1 F.3d 1217, 1224 (9th Cir. 2010). These exceptions include: the unavailability of administrative 2 procedures, obstruction of attempts to exhaust, and preventing exhaustion by failing to follow grievance 3 procedures. *Id*. (citation omitted). With this and other arguments, plaintiff has failed to make an 4 adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should 5 be reversed.

6 **IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF #33) 7 of this court's order dismissing this action is **DENIED.**

8 **IT IS FURTHER ORDERED** that plaintiff's motion for district judge to reconsider 9 order (ECF #37) is **DENIED**.

10 Dated this 1st day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE