**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

JOSEPH ANTONETTI,   )   3:10-cv-00158-ECR (WGC)
                   )
     Plaintiff,    )   **REPORT AND RECOMMENDATION**
                   )   **OF U.S. MAGISTRATE JUDGE**
vs.                )
                   )
HOWARD SKOLNIK, *et. al.* )
                   )
     Defendants.   )
_____)

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is the Defendants' Motion for Partial Dismissal. (Doc. 40.)[1] Plaintiff opposed (Doc. #42) and Defendants replied (Doc. #43). After a thorough review, the court recommends that Defendants' motion be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Joseph Antonetti (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl. (Doc. #29 ) at 1.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP). (*Id.*) Defendants are Isidro Baca, Charlene Clarkson, Darin Cool, James G. Cox, Adrian Hendley, James Henson, William Kuloloia, Richard Liverani, Efrain Loan, Cole Morrow, Dwight Neven, Howard Skolnik, and Jeffrey Walker.

---

[1] Refers to court's docket number.

Plaintiff's original Complaint was filed and screened by the court. (*See* Screening Order (Doc. # 6), Pl.'s Compl. (Doc. # 9).) At a hearing on June 20, 2011, the court granted Plaintiff's oral motion to amend his Complaint to formally add defendants who were referred to in the body of the original Complaint but were not named as defendants. (*See* Doc. # 28.) Thereafter, the court screened Plaintiff's Amended Complaint. (Second Screening Order (Doc. # 32).) The court found that the Amended Complaint did not contain sufficient allegations against the new defendants Plaintiff sought to add. (Doc. # 32 at 2.) The court dismissed those defendants, and determined that because the claims in the Amended Complaint were identical to the original Complaint, the action would proceed as set forth in the original Screening Order (Doc. # 6). (Doc. # 32 at 2.) Accordingly, this action is proceeding on the following claims as identified in the original Screening Order:

Count 1- Eighth Amendment claim based on medical care and isolation;

Count 2- First Amendment access to courts;

Count 3- Eighth Amendment conditions of confinement related to personal hygiene;

Count 4- Eighth Amendment conditions of confinement related to denial of outdoor exercise;

Count 5- First and Fourteenth Amendment claim related to deprivation and confiscation of incoming mail;

Count 6- First Amendment claim related to the denial of the right to send mail;

Count 7- Equal protection claim related to being treated differently than other prisoners based on his crime, race, religion and political beliefs, and due process claim related to the failure to provide periodic review of classification to segregation;

Count 9- Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property;

Count 10- Eighth Amendment conditions of confinement claim related to the conditions of his cell in segregation;

Count 11- First Amendment free exercise of religion;

Count 12- Eighth Amendment conditions of confinement claim related to food provided to him at HDSP;

Count 13- Fourth Amendment claim based on an alleged unreasonable search and Eighth Amendment claim related to a search allegedly intended to harass;

Count 14- Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property when Plaintiff leaves his cell;

Count 15- Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims related to his housing in segregation;

Count 16- Equal protection claim related to being treated differently than inmates with similar convictions and sentences with respect to classification to maximum custody;

Count 17- Eighth Amendment conditions of confinement claim related to the right to exercise;

Count 18- Eighth Amendment claim regarding the risk of harm related to having to walk great distances in restraints;

Count 20- First Amendment retaliation claim; and

Count 24- Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property.

Counts 8, 19, 21, 22, 23, and 25 were dismissed on screening. (Doc. # 6.)

Defendants now move to dismiss Counts 1, 3, 4, 7, 12, 13, 15, 16, and 17 on the basis that they are duplicitous of claims asserted in *Antonetti v. Neven, et. al.*, 2:08-cv-01020-KJD (VCF). (Doc. # 40.)

## II. LEGAL STANDARD

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Rule 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has found that at minimum, a plaintiff should state "enough facts to state a

3

1  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
2  (2007). The complaint need not contain detailed factual allegations, but it must contain more
3  than "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted).
4  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice
5  of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations and
6  citation omitted).

7   In considering a motion to dismiss for failure to state a claim upon which relief may be
8  granted, all material allegations in the complaint are accepted as true and are to be construed
9  in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336,
10 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal
11 conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements
12 of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation
13 omitted). "While legal conclusions can provide the framework of a complaint, they must be
14 supported by factual allegations." *Id.* at 679. In addition, pro se pleadings must be liberally
15 construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe
16 *pro se* filings liberally when evaluating them under *Iqbal*"). As a general rule, the court may not
17 consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state
18 a claim without converting it into a motion for summary judgment. *See Lee v. City of Los*
19 *Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

20 **III. DISCUSSION**

21 **A. Standard**

22  "After weighing the equities of the case, the district court may exercise its discretion to
23 dismiss a duplicative later-filed action, to stay that action pending resolution of the previously
24 filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."
25 *Adams v. Cal. Dept. of Health Services,* 487 F.3d 684, 688 (9th Cir. 2007) (citations
26 omitted). "Plaintiffs generally have 'no right to maintain two separate actions involving the
27 same subject matter at the same time in the same court and against the same defendant.'" *Id*.

28

4

1  (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)) (other citations
2  omitted). To determine whether a suit is duplicative, the test for claim preclusion applies. *Id*.
3  Therefore, the court must "examine whether the causes of action and relief sought, as well as
4  the parties or privies to the action, are the same." *Id*. at 689 (citations omitted).

**B. Status of 2:08-cv-01020-KJD (VCF)**

Plaintiff's action in 2:08-cv-01020-KJD (VCF) involves allegations of constitutional violations related to events occurring at HDSP between 2007 and 2008. (2:08-cv-01020-KJD (VCF) Doc. # 25.) Upon screening Plaintiff's Amended Complaint, the court determined that Plaintiff could proceed with the following claims: (1) Count 1-Eighth Amendment deliberate indifference to a serious medical need related to dental care; (2) Count 2- Eighth Amendment conditions of confinement related to outdoor exercise; (3) Count 4- due process claim related to his classification as a high risk prisoner and placement in administrative segregation, and Eighth Amendment conditions of confinement claim related to the preparation and sanitation of his food; (4) Count 5- Fourth Amendment claim related to strip searches before exercise; (5) Count 7 - state law claims for willful, intentional and deliberate infliction of physical and emotional distress. (2:08-cv-01020-KJD (VCF) Doc. # 7.) The defendants named in the action are Dwight Neven, Isidro Baca, James Henson, Alexander Rodriguez, Jeffrey Walker, Jane Does 1-15, Jenny Statler, James Cox, William Kuroda, Sr. Correctional Officer Aragon, Correctional Officer Robinson, and Howard Skolnik. (*See id*. at 3.)

Defendants subsequently moved to dismiss various claims from the Amended Complaint. (2:08-cv-01020-KJD (VCF) Doc. # 13.) The court ruled: (1) all official capacity damages claims were dismissed; (2) all claims against defendants Skolnik and Cox were dismissed; (3) defendants were granted qualified immunity as to the due process claim in Count 4 related to Plaintiff's placement in administrative segregation; (4) defendants were granted qualified immunity as to the Fourth Amendment strip search claim in Count 5. (2:08-cv-01020-KJD (VCF) Doc. # 24.)

Accordingly, the action would proceed with: (1) Count 1- Eighth Amendment deliberate

5

indifference related to dental care; (2) Count 2- Eighth Amendment conditions of confinement related to outdoor exercise; (3) Count 4- Eighth Amendment conditions of confinement related to preparation and sanitation of food; and (4) Count 7- state law claims.

Defendants then filed a Motion for Summary Judgment. (2:08-cv-01020-KJD (VCF) Doc. # 26.) The court ruled: (1) Plaintiff could proceed with his Eighth Amendment claim related to dental care in Count 1, except that the claim would be dismissed as to defendant Jenny Statler; (2) summary judgment was granted as to the Eighth Amendment claim in Count 2 related to the denial of outdoor exercise for two months; (3) summary judgment was granted as to Plaintiff's Eighth Amendment claim in Count 4 related to the preparation and sanitation of food; and (4) all claims against defendants Statler, Aragon and Robinson were dismissed. (2:08-cv-01020-KJD (VCF) Doc. # 43.)

The remaining defendants filed another motion for summary judgment as to the remaining claims, which is currently pending before the court. (2:08-cv-01020-KJD (VCF) Doc. # 64.)

**C. Analysis**

**1. Same Causes of Action**

First, the court must examine whether the causes of action in the two suits are the same. To determine whether the cases involve the same claims, the court considers the following factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-1202 (9th Cir. 1982) (citation omitted). The Ninth Circuit has recognized that the last *Constantini* factor, whether the two suits arise out of the same transactional nucleus of facts, is the most important. *Id.* at 1202; *see also Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 918 (9th Cir. 2012). "Whether two events are part of the same transaction or series depends on whether they

6

are related to the same set of facts and whether they could conveniently be tried together." *Adams*, 487 F.3d at 689 (citation and quotation marks omitted); *see also Turtle Island*, 673 F.3d at 918 (citation omitted). As the Ninth Circuit recently stated:

> In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). A plaintiff need not bring every possible claim. But where claims arise form the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding.

*Turtle Island*, 673 F.3d at 918.

"The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney [or litigant] may avoid preclusion by attaching a different legal label to an issue that has, or could have been litigated." *Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). "Newly articulated claims based on the same nucleus of facts may still be subject to res judicata finding if the claims could have been brought in the earlier action." *Id.* at 1078. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Id.* (citation omitted).

### i. Count 1

Plaintiff claims that he has been housed in segregation/isolation, which has led to a mental health breakdown. (Doc. # 9 at 9.) He claims that in five years, he has been seen by mental health professionals a total of eight times, instead of every ninety days as required by NDOC regulations. (*Id.*) Plaintiff claims that prison mental health professionals have recommended that he pursue art and music for his mental health, but Defendants have refused to provide him with the necessary materials. (*Id.*) He further alleges that the mental health professionals have suggested he take anti-psychotic and anti-depression medications, which he states would not be necessary if he was provided with adequate care. (*Id.* at 10.) Plaintiff asserts that he has been made to suffer bouts of aggression, extreme depression, voices,

paranoia, hallucinations, emotional breakdown, distress, unreasonable fear and systemic dehumanization which leaves him not knowing who he is as a person. (*Id.*) The court found that Plaintiff states a colorable Eighth Amendment conditions of confinement claim related to his allegations of isolation in segregation. (Doc. # 6 at 5.) In addition, the court found that Plaintiff states a colorable Eighth Amendment claim related to his allegations of inadequate mental health care. (*Id.* at 7.)

In Count 4 of 2:08-cv-01020-KJD (VCF), Plaintiff alleged that defendants violated his rights when they failed to properly and correctly classify Plaintiff, failed to provide mental health services, failed to provide outdoor exercise time, failed to provide dental and medical assistance, and failed to provide sanitary and properly prepared food. (*See* 2:08-cv-01020-KJD (VCF) Doc. # 7 at 7.) There, the court determined Plaintiff stated a colorable due process claim with respect to his classification as a high risk prisoner and placement in administrative segregation. (*Id.*)

In 2:08-cv-01020-KJD (VCF), Plaintiff specifically alleged that defendants had classified him as high risk and part of a security threat group in order to lock him up in isolation for four years. (2:08-cv-01020-KJD (VCF) Doc. # 25 at 6, 14.) He also claimed that this resulted in mental health damage, including making him an antisocial or sociopathic person. (*Id.* at 6.) He specifically alleged that defendants failed to make certain he was evaluated and provided treatment by a psychiatrist. (*Id.*) He discusses being subjected to lock down status for up to seventy-two hours at a time, without exercise, and with only one shower. (*Id.* at 14.) Plaintiff challenged defendants' right to classify him as high risk and place him into segregation without due process. (*Id.*) Plaintiff complained about being isolated in segregation for years. (*Id.* at 14, 15.) He alleged that it resulted in obvious mental and physical deterioration. (*Id.* at 15.)

The claims in Count 1 in the instant action and Plaintiff's claims in Count 4 in 2:08-cv-01020-KJD (VCF) clearly arise out of the same transactional nucleus of facts. The claims in both actions relate to Plaintiff's segregated housing classification and alleged resulting mental health impacts. As a result, substantially the same evidence would be presented in both actions.

8

Plaintiff's claim related to segregated housing in 2:08-cv-01020-KJD (VCF) was dismissed; therefore, the rights established in the prior action would be impaired by prosecution of this action.

In this action, the claims are construed under the Eighth Amendment (Doc. # 6 at 5), while in the 2:08-cv-01020-KJD (VCF) action, Plaintiff's claim was construed as an alleged due process violation.

Three out of the four factors weigh in favor of finding that the cases involve the same claims.

### ii. Count 3

Plaintiff alleges that he is regularly deprived of toilet paper and soap, and cannot maintain personal hygiene. (Doc. # 9 at 16.) He claims that he is allowed a shower only twice a week, and is made to strip in dirty showers, full of filth and insects. (*Id*.) He alleges that the unit in which he resides is dirty and littered with food and urine. (*Id*. at 16-17.) He states that there are open sewers and that insects and rodents are rampant. (*Id*. at 17.) The court determined that Plaintiff states a colorable Eighth Amendment claim based on his conditions of confinement related to personal hygiene. (Doc. # 6 at 8.)

Defendants do not point to, and the court cannot ascertain a claim in 2:08-cv-01020-KJD (VCF), that involves the same transactional nucleus of facts as these allegations. While Plaintiff does include a claim regarding sanitation related to his food preparation in 2:08-cv-01020-KJD (VCF), he does not include allegations regarding personal hygiene. Therefore, this claim should proceed.

### iii. Count 4

Plaintiff alleges that he is subjected to a policy which provides a minimum of five hours outside exercise per week, although NDOC regulations provide for a minimum of seven hours and a controlling consent decree provides for a minimum of eight hours. (Doc. # 9 at 18-20.) He asserts that he is routinely given only two to three hours outside exercise per week. (*Id*.) The court found that Plaintiff states a colorable Eighth Amendment conditions of confinement

claim related to the deprivation of outdoor exercise. (Doc. # 6 at 9.)

In Count 2 of 2:08-cv-01020-KJD (VCF), Plaintiff alleged a violation of his constitutional rights related to the denial of outdoor exercise time for two months while he was in administrative segregation. (*See* 2:08-cv-01020-KJD (VCF) Doc. # 7 at 5.) Plaintiff specifically alleged that he was not given an opportunity to exercise outdoors in accordance with NDOC regulations and a consent decree which mandates a minimum of eight hours of exercise per week. (*Id.* at 9.)

In 2:08-cv-01020-KJD (VCF), Defendants were granted summary judgment as to Plaintiff's claim related to outdoor exercise; therefore, the rights or interests established in that action would clearly be impaired by prosecution of the claim in the instant action. In addition, it appears that these claims are sufficiently similar so as to require the production of substantially the same evidence. Both of these claims are based on an alleged infringement of Plaintiff's Eighth Amendment rights. Finally, these claims clearly arise out of the same transactional nucleus of facts. Accordingly, the factors weigh in favor of finding that the actions involve the same claims.

### iv. Count 7

Plaintiff alleges that he is housed in administrative segregation at HDSP, and has never been given proper classification. (Doc. # 9 at 24-25.) He claims that he has been placed in administrative segregation for an indeterminate period of time without any process, review, or rationale. (*Id*.) He further asserts that he is treated differently than other prisoners in this regard, based on his crime, race, religion, and political beliefs. (*Id*.) The court determined that Plaintiff states colorable claims for denial of due process and equal protection under the Fourteenth Amendment. (Doc. # 6 at 10-11.)

As indicated above, Plaintiff included a claim in 2:08-cv-01020-KJD (VCF) that arises from the same transactional nucleus of facts related to his classification and placement in segregation as that alleged here.

Plaintiff's claim related to segregated housing in 2:08-cv-01020-KJD (VCF) was

10

dismissed; therefore, the rights established in the prior action would be impaired by prosecution of this action. The claims in Count 7 in 3:10-cv-0158-ECR (WGC) and Plaintiff's claims in Count 4 in 2:08-cv-01020-KJD (VCF) clearly arise out of the same transactional nucleus of facts. The claims in both actions relate to Plaintiff's segregated housing classification. As a result, substantially the same evidence would be presented in both actions.

In this action, the claims are construed under the Eighth Amendment and the Fourteenth Amendment (Doc. # 6 at 10-11), while in the 2:08-cv-01020-KJD (VCF) action, Plaintiff's claim was only construed as an alleged due process violation under the Fourteenth Amendment.

While the claims do not involve alleged infringement of all of the same rights, three out of the four factors weigh in favor of finding that the cases involve the same claims.

### v. Count 12

Plaintiff alleges that he is provided food of less nutritional value, less quality and caloric value than the food provided to other inmates at HDSP. (Doc. # 9 at 35-37.) He claims that prison officers make trays of food from dirty food carts located next to inmate showers, and that birds pick at the food while the food carts are outside. (*Id.*) He further alleges that the amount of food provided is inadequate and he suffers from weight loss, lack of energy, and perpetual hunger. (*Id.*) The court found that Plaintiff states a colorable Eighth Amendment conditions of confinement claim. (Doc. # 6 at 14.)

In Count 4 of 2:08-cv-01020-KJD (VCF), the court found that Plaintiff stated an Eighth Amendment claim with respect to the preparation and sanitation of his food. (*See* 2:08-cv-01020-KJD (VCF) Doc. # 7 at 7.) He specifically alleged that NDOC allowed officers without "health cards" to make and serve meals that are not heated correctly, and forced inmates to use utensils without an opportunity to disinfect or clean them properly. (*Id.* at 14-15.)

The court finds that these allegations are sufficiently similar so as to be considered as arising from the same transactional nucleus of facts, and it is likely that substantially the same evidence would be presented. Summary judgment was granted as to this claim in 2:08-cv-

1 01020-KJD (VCF); therefore, the rights established in that action would be impaired by
2 prosecution of the claim this action. Both of these claims were construed under the Eighth
3 Amendment, and therefore involve alleged infringement of the same right. The factors weigh
4 in favor of a finding that the two actions involve the same claims.

### vi. Count 13

Plaintiff alleges that when he is moved from his cell to any other location, he is made to stand in a brightly lit shower in full view of female employees, made to stip naked, place his bare feet on a filthy floor covered with hair, scum and insects, spread his buttocks, lift his penis, and put his fingers in his mouth. (Doc. # 9 at 38-39.) The court determined that Plaintiff states a colorable Fourth Amendment claim based on allegedly unreasonable strip searches, as well as an Eighth Amendment claim based on his allegations that the strip searches were intended to harass him. (Doc. # 6 at 15.)

In Count 5 of 2:08-cv-01020-KJD (VCF), Plaintiff alleged that he was subject to unreasonable strip searches in violation of the Fourth Amendment. (2:08-cv-01020-KJD (VCF) Doc. # 7 at 8.) He alleged that before being taken to the yard and upon returning from the yard, inmates were made to stip naked, bend over to expose their anus and lift their penis. (*Id.* at 15.)

The court finds that these claims arise out of the same transactional nucleus of facts, and would involve presentation of substantially the same evidence. The claim in 2:08-cv-01020-KJD (VCF) was dismissed; therefore, prosecution of this action would impair rights established in that action. Finally, both of these claims were construed under the Fourth Amendment, while this claim was also construed under the Eighth Amendment; however, a majority of the factors weigh in favor of a finding that the actions involve the same claims.

### vii. Count 15

Plaintiff alleges that he is in segregation, subject to lock down for twenty-three to twenty-four hours a day for years. (Doc. # 9 at 41-42.) He claims that he is denied programs and privileges, and access to rehabilitation, social and exercise programs that other inmates are allowed. (*Id.*) He further alleges that he is arbitrarily kept in isolation and treated as if he were

12

in disciplinary segregation. (*Id.*) The court determined that Plaintiff states a colorable Eighth Amendment claim related to conditions of confinement in segregation, as well as a colorable due process claim under the Fourteenth Amendment based on the alleged arbitrary placement in segregation without a disciplinary violation. (Doc. # 6 at 16.)

Once again, the court finds that the claims in both cases related to confinement in segregation are sufficiently similar that they arise out of the same transactional nucleus of facts, and would involve presentation of substantially the same evidence. Plaintiff's claim in 2:08-cv-01020-KJD (VCF) was dismissed, and prosecution of the claim in this action would clearly impair the rights established there. While the court construed the claim under both the Eighth and Fourteenth Amendments here, and only under the Fourteenth Amendment in the earlier action, the court finds that a majority of factors weigh in favor of finding the actions involve the same claims.

### viii. Count 16

Plaintiff alleges he was arbitrarily classified to maximum custody based on his crime and sentence, and is treated differently than inmates with similar convictions and sentences, and that the classification system is unfairly and unevenly applied. (Doc. # 9 at 43-44.) He also contends that he is continually denied reclassification based on his race, political and religious beliefs, as well as his crime. (*Id.*) The court found that Plaintiff states a colorable equal protection claim based on these facts. (Doc. # 6 at 17.)

While Plaintiff did not per se allege an equal protection claim in 2:08-cv-01020-KJD (VCF), the allegations asserted in Count 16 are strikingly similar to the allegations concerning Plaintiff's classification status in segregated housing. The court finds that the claims arise out of the same transactional nucleus of facts, and much of the evidence presented would be the same for both claims. The court in 2:08-cv-01020-KJD (VCF) dismissed Plaintiff's claim related to his placement in administrative segregation; therefore, the rights there would be impaired if this claim were allowed to proceed in this action. While, the court construed Plaintiff's claim here as an equal protection claim, and as a due process claim in 2:08-cv-

13

1 01020-KJD (VCF), the majority of the factors weigh in favor of finding that these claims are
2 the same.

### ix. Count 17

Plaintiff alleges that the exercise opportunity provided to him at HDSP consists of his standing completely enclosed in a cage, alone, in extreme heat or cold, with no water, shade, exercise equipment or restroom. (Doc. # 9 at 45-46.) As a result, he has suffered sunburns and cracked and bleeding lips, as well as a lack of desire to exercise. (*Id*.) The court determined that Plaintiff states a colorable Eighth Amendment conditions of confinement claim. (Doc. # 6 at 17.)

In Count 2 of 2:08-cv-01020-KJD (VCF), Plaintiff alleged a violation of his constitutional rights related to the denial of outdoor exercise time for two months while he was in administrative segregation. (*See* 2:08-cv-01020-KJD (VCF) Doc. # 7 at 5, 9, 13-14.) He specifically mentions being made to exercise in a cage, which he describes as similar to a dog kennel. (*Id*. at 14.)

The court finds that these claims arise from the same transactional nucleus of facts, and would involve presentation of substantially the same evidence. Defendants in 2:08-cv-01020-KJD (VCF) were granted summary judgment on this claim, and prosecution of this claim in the instant action would impair the rights established there. Both of these claims allege infringement of the same right, *e.g.*, the Eighth Amendment. Accordingly, the court finds that these actions involve the same claims.

### x. Conclusion regarding same claims

The court finds that Counts 1, 4, 7, 12, 13, 15, 16 and 17, involve the same claims as those raised in 2:08-cv-01020-KJD (VCF); however, Count 3 relates to Plaintiff's personal hygiene, and Defendants have not shown that the same claim was raised in the earlier action. Therefore, Count 3 should proceed.

**2. Same Parties or Privies**

Second, the court must determine whether the defendants are the same or in

14

privity with the defendants 2:08-cv-01020-KJD (VCF).

The defendants in this action are Baca, Clarkson, Cool, Cox, Hendley, Henson, Kuloloia, Liverani, Loan, Morrow, Neven, Skolnik, and Walker. The defendants in 2:08-cv-01020-KJD (VCF) were Aragon, Baca, Cox, Henson, Kuloloia, Neven, Rodriguez, Robinson, Skolnik, Statler, and Walker. (2:08-cv-01020-KJD (VCF) Doc. # 25.)

Therefore, Counts 1, 4, 7, 12, 13, 15, 16 and 17 in the instant action should be dismissed as to defendants Baca, Cox, Henson, Kuloloia, Neven, Skolnik, and Walker, as they were also defendants in 2:08-cv-01020-KJD (VCF).

With respect to the remaining defendants, Clarkson, Cool, Hendley, Liverani, Loan, and Morrow, the court must determine whether they can be considered to have been in privity with the defendants in 2:08-cv-01020-KJD (VCF).

In *Adams*, the Ninth Circuit stated:

> Although the concept of privity traditionally applied to a narrow class of relationships in which 'a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved,' we have expanded the concept to include a broader array of relationships which fit under the title of 'virtual representation.'

*Adams*, 487 F.3d at 691 (citation omitted).

The Supreme Court has since rejected "virtual representation" as a basis for finding privity in the context of claim preclusion. *See Taylor v. Sturgell*, 553 U.S. 880 (2008). Instead, the Supreme Court has espoused six exceptions to the general rule that nonparty's cannot be bound by preclusion: (1) "[a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement"; (2) "pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment"[2]; (3) "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who

---

[2] "Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." *Id.* at 894.

1  [wa]s a party' to the suit"[3]; (4) "a nonparty is bound by a judgment if she 'assume[d] control'
2  over the litigation in which that judgment was rendered"; (5) "a person who did not participate
3  in litigation later brings suit as the designated representative of a person who was a party to the
4  prior adjudication"; and (6) "in certain circumstances a special statutory scheme may 'expressly
5  foreclos[e] successive litigation by nonlitigants…if the scheme is otherwise consistent with due
6  process." *Id.* at 893-95 (internal citations omitted).

7  Here, there is no suggestion that the additional defendants in this action agreed to be
8  bound by the determination of issues in 2:08-cv-01020-KJD (VCF), making the first exception
9  inapplicable. Likewise, the second exception does not apply because there is no pre-existing
10 relationship such as succeeding owners of property, bailee and bailor, or assignee and assignor
11 between these parties.

12 The third exception requires a finding that the party was adequately represented by
13 another with the same interests in the previous suit. As explained in *Taylor*, this includes
14 "properly conducted class actions, and suits brought by trustees, guardians, and other
15 fiduciaries," and these circumstances are not present here. *See Taylor*, 553 U.S. at 894-95. In
16 addition, for this exception to apply, it must be established that: "(1) the interests of the
17 nonparty and her representative are aligned; and (2) either the party understood herself to be
18 acting in a representative capacity or the original court took care to protect the interests of the
19 nonparty." *Id.* at 900 (citations omitted). The court has not been presented with information
20 which would allow it to determine that this exception applies.

21 As to the fourth exception, there is no evidence that these additional parties "assumed
22 control" over the previous litigation. The fifth exception clearly does not apply as none of these
23 parties has professed to be a designated representative of a defendant to the prior action.
24 Finally, the sixth exception is not applicable because these additional defendants do not point
25 to any special statutory scheme which would expressly foreclose this litigation.

---

[3] This includes "properly conducted class actions, and suits brought by trustees, guardians, and other fiduciaries[.]" *Id* at 894-95 (internal citations omitted).

16

With no applicable exception to the general rule that nonparty's cannot be bound by preclusion, the motion to dismiss should be denied as to defendants Clarkson, Cool, Hendley, Liverani, Loan, and Morrow.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING IN PART AND DENYING IN PART** Defendants' Motion for Partial Dismissal (Doc. # 40) as follows:

(1) Counts 1, 4, 7, 12, 13, 15, 16 and 17 should be **DISMISSED WITH PREJUDICE** as to defendants Baca, Cox, Henson, Kuloloia, Neven, Skolnik, and Walker;

(2) In all other respects, the motion should be denied.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 17, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

17