# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOSEPH ANTONETTI                        3:10-cv-00158-LRH-WGC

      Plaintiff,

        vs.

HOWARD SKOLNICK, *et al.,*

        Defendants.

_____


JOSEPH ANTONETTI                        3:11-cv-00548-LRH-WGC

      Plaintiff,

        vs.                              **MINUTES OF PROCEEDINGS**

BARACK OBAMA, *et al.,*

_____        January 16, 2013

        Defendants.


PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden   REPORTER:                   FTR

COUNSEL FOR PLAINTIFF:   Joseph Antonetti, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Brian W. Hagen

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:31 p.m. Court Adjourns.

     The court addresses Case No. 3:11-CV-00548-LRH-WGC and the pending filings in that matter first and moves to Case No. 3:10-CV-00158-LRH-WGC and the pending filings in that matter second.

MINUTES OF PROCEEDINGS
3:10-cv-00158-LRH-WGC
3:11-cv-00548-LRH-WGC
Date: January 16, 2013
Page 2

I.      **Case No. 3:11-CV-00548-LRH-WGC**

The court addresses the following motions: Motion to Appoint Expert (Dkt. #32), Motion to Extend Time to Amend Complaint or Add Parties re Dkt. #31 Scheduling Order (Dkt. #33), and Motion to Compel (Dkt. #44).

A.      **Motion to Appoint Expert (Dkt. #32)**

The court requests that the plaintiff elaborate on the motion to appoint expert. Mr. Antonetti explains that he wants an expert to investigate the Nevada Department of Corrections ("NDOC") conditions of confinement with regard to the lack of proper care, harsh treatment, and whether such topics deviate from professional standards. The court further inquires who would be responsible for the expense of such an expert. Mr. Antonetti represents that, because of his indigent status, the expense would be placed upon the "state." Mr. Antonetti further indicates that, due to his segregated and isolated confinement, he has limited access to a law library or assistance.

The court reminds plaintiff that, pursuant to the screening order (Dkt. #12), two claims have survived, Count VIII(b) and Count IX. In light of this, the court is uncertain if an expert is necessarily appropriate to testify about the issues that have survived screening.

Mr. Hagen represents that, with regard to the two claims moving forward, it is not necessary, or even useful, for the assistance of an expert.

The court finds that, with regard to the claims that have been allowed to proceed in this instant matter, the appointment of an expert is not appropriate. Therefore, plaintiff's Motion to Appoint Expert (Dkt. #32) is DENIED.

B.      **Motion to Extend Time to Amend Complaint or Add Parties re Dkt. #31 Scheduling Order (Dkt. #33)**

Mr. Antonetti explains that, at the time this motion was filed, he had not received any discovery. Plaintiff states that his intention was to extend the discovery deadline so that he could have the opportunity to review any discovery propounded by defendants and have adequate time to file an amended complaint.

To clarify what discovery has not been responded to, the court inquires what specific discovery requests plaintiff has served on defendants. Mr. Antonetti indicates that he has served requests for interrogatories and requests for production of documents as to defendant

MINUTES OF PROCEEDINGS
3:10-cv-00158-LRH-WGC
3:11-cv-00548-LRH-WGC
Date: January 16, 2013
Page 3

Howard Skolnik, which were identical to the requests made in Case No. 3:10-CV-00158-LRH-WGC.  Mr. Antonetti further states that he has served defense counsel with letters to follow up on his discovery requests.

Mr. Hagen represents that he is unaware of the status of discovery in this particular matter and does not recall receiving any communications about discovery from plaintiff.

After addressing the status of discovery and the lack of information presented by the parties with regard to the status of discovery, the court is not inclined to amend the scheduling order at this time.   However, the court will re-address the deadlines of discovery once it has more information regarding the status of discovery.  Therefore, plaintiff's Motion to Extend Time to Amend Complaint or Add Parties re Dkt. #31 Scheduling Order (Dkt. #33) is DENIED.

### C.    Motion to Compel Discovery (Dkt. #44)

The court notes that plaintiff's motion to compel neglects to include any of the discovery requested by the plaintiff, which is required by the local rules.  The court explains that, due to the lack of information regarding discovery and defense counsel's representation that he is unsure of what discovery has been served on plaintiff, plaintiff's Motion to Compel (Dkt. #44) is DENIED without prejudice.

The court directs Mr. Hagen to investigate whether the defendants have received any discovery and to provide the court with a statement with regard to the status of any discovery requests.

Mr. Hagen volunteers to schedule a conference with the plaintiff to confer with him regarding any discovery issues that may be outstanding.

## II.    Case No. 3:10-CV-00158-LRH-WGC

The court addresses the following motions: Motion for Appointment of Counsel (Dkt. #61), Motion to Appoint Expert (Dkt. #62), Motion to Extend Time to Amend Complaint or Add Parties re Dkt. #59 Scheduling Order (Dkt. #63), Motion to Strike Dkt. #61 Motion for Appointment of Counsel (Dkt. #72) and Motion to Compel (Dkt. #81).

### A.    Motion for Appointment of Counsel (Dkt. #61)

The court explains that it is typically only under extraordinary circumstances that a court will appoint of counsel.  Furthermore, the decision to appoint counsel involves the complexity of the

MINUTES OF PROCEEDINGS
3:10-cv-00158-LRH-WGC
3:11-cv-00548-LRH-WGC
Date: January 16, 2013
Page 4
_____

legal issues in a matter and the likelihood of success of the claims.  In view of the pleadings that
have been filed in this matter by the plaintiff, plaintiff appears to display the ability to articulate his
claims in light of the complexity standard.  The court further notes that plaintiff, at this time, has not
demonstrated a likelihood of success with respect to his claims.  In light of these observations,
plaintiff's Motion for Appointment of Counsel (Dkt. #61) is DENIED.

      **B.**      **Motion to Appoint Expert (Dkt. #62)**

In light of the previous discussions with respect to the appointment of expert in Case No.
3:11-CV-00548-LRH-WGC, and, again, with the court's discretion, plaintiff's Motion to Appoint
Expert (Dkt. #62) is DENIED.

      **C.**      **Motion to Extend Time to Amend Complaint or Add Parties re Dkt. #59
Scheduling Order (Dkt. #63)**

The court explains that plaintiff's motion to compel has bearing on whether or not to amend
the scheduling order and discovery deadline; however, the court is not inclined to allow the
scheduling order to be amended to add additional claims or additional parties.  In light of this, the
court requests that Mr. Hagen, again, volunteer to have a conference with Mr. Antonetti and discuss
what discovery has been answered, what discovery is outstanding, what the defendants' position is
on the outstanding discovery and then provide the court with a notice regarding the status of
discovery.  Therefore, plaintiff's Motion to Extend Time to Amend Complaint or Add Parties re
Dkt. #59 Scheduling Order (Dkt. #63) is DENIED.  Again, this motion may be reconsidered only as
to the discovery deadline should it become apparent that there are outstanding discovery disputes;
the motion will not allow for an amendment to the scheduling order with regard to adding additional
claims or parties.

      **D.**      **Motion to Strike Dkt. #61 Motion for Appointment of Counsel (Dkt. #72)**

Mr. Hagen represents that, in view of the court's ruling that plaintiff's motion for
appointment of counsel is denied, the defendants have no further interest in pursuing their request
to strike.  In light of Mr. Hagen's representation and the court's ruling, defendants' Motion to Strike
(Dkt. #72) is DENIED as moot.

      **E.**      **Motion to Compel (Dkt. #81)**

The court notes the plaintiff has not attached any discovery to his motion to compel which
is required by local rules. Mr. Antonetti informs the court that he has received discovery responses
from defendants; however, there are discovery requests that remain outstanding.  For example,

**MINUTES OF PROCEEDINGS**
3:10-cv-00158-LRH-WGC
3:11-cv-00548-LRH-WGC
Date: January 16, 2013
Page 5
_____

defendants responded to interrogatories that identified documents for plaintiff to review; however, the documents were never provided to plaintiff.  Mr. Antonetti requests that all outstanding discovery be provided to him.

Mr. Hagen indicates that he was just informed about the outstanding discovery when plaintiff's motion to compel was filed and has not had the opportunity to review all of the material submitted by plaintiff regarding discovery.  Mr. Hagen represents that, if any documents were inadvertently not provided to plaintiff, then defendants will remedy their mistake by supplementing their discovery responses.

In light of the lack of information the court has with regard to discovery and Mr. Hagen's representation that he will meet and confer with Mr. Antonetti regarding discovery, plaintiff's Motion to Compel (Dkt. #81) is DENIED without prejudice.  Plaintiff shall have the opportunity to resubmit the motion to compel after he has had discussions with Mr. Hagen.

**IT IS SO ORDERED.**

2:31 p.m.  Court Adjourns.

LANCE S. WILSON, CLERK


By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk