# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | 3:10-cv-00158-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| HOWARD SKOLNIK, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Reconsider (Doc. # 83)[1] wherein Plaintiff asks the court for reconsideration of its order (Doc. # 82) denying Plaintiff's requests for the appointment of counsel Doc. # 61) and for the appointment of one or more expert witnesses (Doc. # 62). Defendants have opposed the motion. (Doc. # 85.)

## I.  LEGAL STANDARD: MOTION FOR RECONSIDERATION

While Plaintiff has titled his motion as one for reconsideration ( Doc. # 83 at 1), the court's orders were interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders.  However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted).  This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

---

[1] Refers to court's docket number. All page references are to the docketed page numbers unless otherwise noted.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59 (e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-0353-RCJ (VPC), 2010 WL 1727841, at * 1-2 (D. Nev. 2010)).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at * 1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

While Plaintiff cites several cases in his memorandum and expresses what he believes to be valid reasons supporting the appointment of counsel and an expert, Plaintiff has failed to submit any newly discovered evidence or to provide any authority showing the court committed "clear error." He also has not identified any change in the controlling law. "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Henry*, 2010 WL 3636278, at *1 (citing *In Re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)) (internal quotation marks omitted).

Nevertheless, the court will revisit the merits of Plaintiff's two underlying motions.[2]

///
///
///

---

[2] Plaintiff's Motion to Reconsider did not segregate his arguments relative to the court's purported erroneous reasoning as it relates to his two separate requests, i.e., appointment of counsel and appointment of an expert. This amalgamation of arguments complicates the court's ability to evaluate Plaintiff's assertion that the court supposedly erred when it denied his two requests.

## II. DISCUSSION

**A.     Motion for Appointment of Counsel (Doc. # 61)**

**1. Legal Standard**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn*, 789 F.2d at 1331) (other citations omitted). Neither factor is controlling; both must be viewed together in making the finding. *Id*. However, the district court exercises discretion in making this finding. *Id*.

As the court explained to Plaintiff at the January 16, 2013 status conference (*see* Minutes, Doc. # 82 at 3-4), absent demonstration of case complexity and a showing of a likelihood of success, courts generally do not appoint counsel. It is the plaintiff's burden to establish the existence of such circumstances, and Plaintiff has not done so here. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on unrelated grounds*, 154 F.3d 952, 954 (9th Cir. 1998) (en banc). Because the request for appointment of counsel (Doc. # 61) failed to satisfy this criteria, Plaintiff's request was denied at the hearing.[3]  The court will now again review Plaintiff's request in light of his current Motion to Reconsider.

**2. Analysis**

In his motion, Plaintiff now appears to argue that his claims, which include Eighth Amendment medical care and conditions of confinement elements, as well as access to courts and First Amendment

---

[3] It is noted Magistrate Judge Robert A. McQuaid, Jr., denied an earlier motion to appoint counsel filed by Plaintiff. (Doc. # 24.)

3

mail issues, are complex. The court disagrees. Plaintiff has not explained why these issues are complex so as to justify the appointment of counsel. Rather, the court finds that Plaintiff still fails to demonstrate the case is unduly complicated to the extent Plaintiff is unable to prosecute the case or articulate his claims, nor has he demonstrated his likelihood of success on the merits, each of which is a precondition to appointment of counsel.[4]

A multitude of causes of action asserted by Plaintiff were found to have asserted colorable claims for relief and survived screening. (*See* Screening Order, Doc. # 6.) Certain of those claims were eliminated on Defendants' motion pursuant to this court's Report and Recommendation (Doc. # 53), as affirmed by the order of Senior Judge Edward C. Reed, Jr. (Doc. # 57). The remaining claims are neither unduly complicated nor unnecessarily complex. Similarly, with respect to the other *Terrell* factor, Plaintiff has not addressed, and therefore, has not convinced the court of a likelihood of success on the merits of his claims. Thus, the court once again finds that the extraordinary circumstances necessary for appointment of counsel to be absent.

While Plaintiff represents he has limited access to the law library, Plaintiff has shown an ability to articulate and prosecute his claims, as demonstrated by the numerous motions he has filed in this action in addition to his civil rights Complaint. (*See, e.g.*, Docs. ## 34, 48, 52, 61, 62 and 83.) Plaintiff is also no stranger to litigation. (*See Antonetti v. Neven*, 2:07-cv-00162-MMD-VCF; *Antonetti v. Neven,* 2:08-cv-00120-KJD-VCF*; Antonetti v. Neven*, 2:09-cv-01323-PMP-GWF; *Antonetti v. Skolnick*, 2:09-cv-02031-RLH-PAL; *Antonetti v. Las Vegas*, 2:13-cv-00064-RCJ-NJK; *Antonetti v. Neven*, 3:11-cv-00451-RCJ-WGC*; Antonetti v. Obama*, 3:11-cv-00452-ECR-RAM; *Antonetti v. Obama*, 3:11-cv-00548-LRH-WGC; *Antonetti v. Neven*, 3:11-cv-00157-ECR-WGC.)

The court also notes that there is, unfortunately, no pool of attorneys in Nevada to whom the court can turn to appoint counsel in Section 1983 pro se prisoner litigation. The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 U.S. 296, 310

---

[4] Absent from Plaintiff's original motion requesting counsel (Doc. # 62) and this request for reconsideration (Doc. # 83) were any medical records which might help substantiate Plaintiff's contention his "claims involve complex issues of medical care." (Doc. # 83 at 3). Nor were any documents submitted which might shed light on his conclusion that his conditions of confinement and First Amendment claims are complex.

4

(1989). This is part of the reason that the court can only appoint counsel under exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1281 (2010). Even if those exceptional circumstances were present here, not having a *pro bono* panel in the District of Nevada to whom the court might turn to seek counsel to represent Plaintiff, it would be problematic for the court to secure an attorney willing to undertake *pro bono* representation of an inmate Plaintiff who is confined in a remote location of northeastern Nevada. That is not to say that difficulty could not be overcome, but when combined with this court's observation that Plaintiff has not demonstrated a likelihood of success or shown that his case is unduly complicated, the complexities of appointment of counsel are compounded.

Therefore, the court, in its exercise of its discretion, again finds Plaintiff has failed to overcome the admittedly formidable hurdles for appointment of counsel and denies this component of Plaintiff's motion for reconsideration.

**B.     Motion for Appointment of Expert (Doc. # 62)**

**1.  Legal Standard**

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. Federal Rule of Evidence 706 allows the district court on its own motion or on the motion of any party to enter an order to show cause why an expert witness should not be appointed. Fed. R. Evid. 706(a). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge *will help the trier of fact* to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a) (emphasis added). " Expert witnesses should not be appointed where they are not necessary or not significantly useful for the trier of fact to comprehend a material issue in a case." *Johnson v. Dunnahoe*, No. 1:08-cv-00640-LJO-DLB PC, 2013 WL 396009, at *2 (E.D. Cal. Jan. 31, 2013) (citing *Gorton v. Todd*, 793 F.Supp.2d 1171, 1181 (E.D. Cal. 2011)). The appointment of an unbiased expert is only appropriate if the expert's opinion would "promote accurate fact finding." *Gorton*, 793 F.Supp.2d at 1179.

"The rule only allows a court to appoint a *neutral* expert." *Gilman v. Brown*, No. CIV.S.-05-830-LKK/GGH, 2011 WL 3163260, at *5 (E.D. Cal. 2011) (emphasis added) (citing *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 655 (7th Cir. 2002)). The determination to

appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The rule does not provide for the appointment of an expert to be an advocate for Plaintiff's position. *See Gorton*, 793 F.Supp.2d at 1177 n. 6; *see also id*. at 1184 n. 11 (stating that appointment of an expert witness for a plaintiff's "own benefit . . . is not permitted under Rule 706 or 28 U.S.C. § 1915[.]").

**2. Discussion**

Plaintiff's underlying motion requesting the appointment of an expert was a terse two-page document which made it difficult, at best, for the court to determine the basis for Plaintiff's request. (*See* Doc. # 62.) He seemed to suggest a lay person would not know or understand the applicable standard of care, be able to determine how and whether the standard of care was deviated from, or appreciate the effect it had on Plaintiff. (*Id*.) Thus, while not entirely clear, it appeared that Plaintiff wanted the court to secure some expert(s) to: (1) discuss the standard of care in a prison environment; (2) testify, in accordance with Plaintiff's position, that the Nevada Department of Corrections (NDOC) deviated from that standard; and (3) testify how this failure to adhere to the standard of care impacted Plaintiff. The court perceives multiple problems with Plaintiff's request, which will be discussed in turn below.

First, Plaintiff really seems to be asking the court to appoint several experts, but he has not clearly articulated the subject matter of testimony he seeks from these experts. While Plaintiff initially indicates that he wants an expert or possibly several experts to testify regarding the standard of care relative to his health issues, he also references expert testimony in the context of his confinement in isolation, as well as his access to courts and First Amendment mail claims. Rather than specifying the topics for expert testimony, Plaintiff simply makes reference to the general nature of his remaining claims. Without further elaboration, the court will not put itself in the position of having to speculate regarding the realm of expert testimony in this case. Moreover, it is not clear if Plaintiff is requesting that a medical expert be appointed for the purposes of performing a medical examination, evaluation, and treatment, but to the extent he is making such a request, the court is not permitted to make such an order. *See, e.g., Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (affirming denial of a

1 | medical examination (albeit under Rule 35) where the plaintiff sought to have himself examined for
2 | the purpose of treatment).

3 |     Second, even if Plaintiff clearly delineated his request for the appointment of expert(s), he has
4 | made no suggestion as to whom these experts should be; nor has he indicated he has located any expert
5 | who is willing to serve in this respect. Plaintiff has presumably left it to the court to track down
6 | persons knowledgeable in vaguely defined areas of expertise, and the court is simply unwilling to
7 | undertake this task.

8 |     Third, nowhere in his underlying motion or request for reconsideration does Plaintiff explain
9 | who is going to absorb the costs and fees associated with the appointment of any expert in this case.
10 | The appointed expert is entitled to reasonable compensation, and in a civil case the compensation is
11 | "paid by the parties in such proportion and at such time as the court directs." Fed. R. Evid. 706(b).
12 | However, where, as here, one of the parties is indigent, the court may apportion all the costs to one
13 | side. *See McKinney v. Anderson*, 924 F.3d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on*
14 | *other grounds in* 503 U.S. 903 (1991) (reasoning that allowing court-appointed experts only when both
15 | sides are able to pay their respective shares would hinder a district court from appointment an expert
16 | witness, "even when the expert would significantly help the court.").

17 |     Since Plaintiff has not indicated who will absorb the fees and costs associated with the
18 | appointment of one or more experts, he presumably wants Defendants to incur these expenses. The
19 | court is not persuaded this would be equitable, especially considering that Plaintiff is asking the court
20 | to appoint several experts to testify in accordance with his position in this case and as discussed *infra*,
21 | he has not established that such testimony would be of assistance to the fact finder. While it is true that
22 | the District of Nevada, like the district court in *Gorton*, 793 F.Supp.2d at 1177, has a "non-
23 | appropriated fund," distributions from that fund may be made to reimburse out-of-pocket expenses
24 | *incurred by court-appointed attorneys*. Since no attorney has been appointed for Plaintiff, this
25 | provision is seemingly unavailable for the provision of expert witness fees in this case. "The
26 | expenditure of public funds on behalf of an indigent litigant is proper only when authorized by
27 | Congress." *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute, 28 U.S.C.
28 | § 1915, does not authorize the expenditure of public funds for witnesses." *Lal v. Felker*, No. 2:07-cv-

7

2060 KJM EFB P, 2012 WL 3587786 (E.D. Cal. 2011) (citing *Gorton*, 793 F.Supp.2d at 1184 n.11).

Fourth, the court observes that Plaintiff's request is *not* for a *neutral* expert under Rule 706. Instead, he seeks the appointment of an advocate on his behalf. (*See* Doc. # 62 at 1, where Plaintiff argues that the appointment of an expert would "avoid a wholly one-sided presentation of opinions on the issues at trial.") This is not permitted under Rule 706. This rule only affords the court discretion to appoint a *neutral* expert. *See Gilman*, 2011 WL 3163260, at * 5 (citation omitted); *see also Gorton* 793 F.Supp.2d at 1177 n. 6, 1184 n. 11. As the Seventh Circuit pointed out in *Brown v. U.S.*, 74 Fed.Appx. 611, 614-15 (7th Cir. 2003), "no civil litigant, even an indigent one, has a legal right" to "compel the government to bear the cost and responsibility for hiring an expert witness to testify on his behalf *in order to establish a fundamental element of his case.*" *Id*. (emphasis added) (also finding that the provisions of Rule 35 would not provide the plaintiff a mechanism for appointment of an expert).

Finally, and probably most importantly, Plaintiff has not addressed, let alone established, that the appointment of any expert in this case would assist the trier of fact-a prerequisite to such an appointment under the Federal Rules of Evidence. As discussed above, the determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford*, 105 F.3d at 358-59. In *Ledford*, the court was required to determine whether the appointment of an expert would assist the trier of fact in determining whether the correctional officials were deliberately indifferent to the inmate's medical needs. The Seventh Circuit concluded that an expert would not be of assistance in determining what is essentially a question of subjective action or intent. *See id*. at 359 ("Given the particular factual issues in this case, determining deliberate indifference was not so complicated that an expert was required to establish Ledford's case.").

Here, as in *Ledford*, deliberate indifference appears to predominate the alleged constitutional violations asserted by Plaintiff, both as to his medical care and conditions of confinement claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 401 U.S. 294, 303 (1991). The essentially inquiry in these claims is whether a particular defendant, subjectively knew of and disregarded a serious risk to Plaintiff's health or safety. *Id*. This will require the fact finder to focus

8

in on the conduct of the defendant-a task which is not complicated, nor would it be made easier with the assistance of an expert. *See Ledford*, 105 F.3d at 359 ("[T]he question of whether the prison officials displayed deliberate indifference toward Ledford's serious medical needs did not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment.") Plaintiff seems to imply that a fact finder would need assistance in determining and applying the appropriate standard of care, but that is relevant in a medical malpractice case, not in the deliberate indifference context presented here. *See id*. (citation omitted) ("The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care.").

Nor does the court find that an expert would assist the trier of fact in determining Plaintiff's access to courts claim or his First Amendment mail claims. These claims are neither so complex nor unduly complicated that the trier of fact would need assistance from an expert.

In sum, Plaintiff has not established the prerequisites that would enable the court to appoint a neutral expert under Rule 706. Therefore, the court will exercise its discretion to deny Plaintiff's request for reconsideration of the court's order denying the appointment of an expert.

### III. CONCLUSION

Having failed to convince the court it should reverse its prior orders denying appointment of counsel and appointment of an expert, and for the reasons stated at the January 16, 2013 hearing and the reasons stated herein, Plaintiff's Motion to Reconsider (Doc. # 83) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 13, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE