**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

JOSEPH ANTONETTI,                   )        3:10-cv-00158-LRH-WGC
                                    )
            Plaintiff,              )        **REPORT AND RECOMMENDATION**
                                    )        **OF U.S. MAGISTRATE JUDGE**
    vs.                             )
                                    )
HOWARD SKOLNIK, et. al.             )
                                    )
            Defendants.             )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's motion requesting class certification and concurrent request for the appointment of counsel. (Docs. # 91, # 92.)[1] Defendants have opposed the motions (Doc. # 94 (opposition to class certification) and Doc. # 100 (opposition to request for appointment of counsel)) and Plaintiff filed a reply (Doc. # 96). Defendants filed a supplement to their reply (Doc. # 103), to which Plaintiff filed a response (Doc. # 105). After a thorough review, the court recommends that Plaintiff's motions (Docs. # 91, # 92) be denied.

**I. BACKGROUND**

**A. Status of claims**

At all relevant times, Plaintiff Joseph Antonetti was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 29 at 1.) The events giving rise

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers. These requests were filed by Plaintiff in one motion but were separately docketed by the court.

to this action took place while Plaintiff was housed at High Desert State Prison (HDSP). Defendants are: Isidro Baca, Charlene Clarkson, Darin Cool, James Cox, Adrian Hendley, James Henson, William Kuloloia, Richard Liverani, Efrain Loan, Cole Morrow, Dwight Neven, Howard Skolnik, and Jeffrey Walker.

Plaintiff's original complaint was filed and screened by the court. (*See* Screening Order, Doc. # 6, and Pl.'s Compl., Doc. # 9.) At a hearing on June 20, 2011, the court granted Plaintiff's oral motion to amend to formally add defendants who were referred to in the body of the original complaint but were not named as defendants. (*See* Doc. # 28.) Thereafter, the court screened Plaintiff's Amended Complaint. (Second Screening Order, Doc. # 32.) The court found that the Amended Complaint did not contain sufficient allegations against the new defendants Plaintiff sought to add. (Doc. # 32 at 2.) The court dismissed those defendants and determined that because the claims in the Amended Complaint were identical to the original complaint, the action would proceed as set forth in the original screening order. (*Id.*)

As such, the action was allowed to proceed on the following claims identified in the original screening order: Count 1-Eighth Amendment claim based on medical care and isolation; Count 2-First Amendment access to courts; Count 3-Eighth Amendment conditions of confinement related to personal hygiene; Count4-Eighth Amendment conditions of confinement related to denial of outdoor exercise; Count 5-First and Fourteenth Amendment claim related to deprivation and confiscation of incoming mail; Count 6-First Amendment claim related to denial of the right to send mail; Count 7-equal protection claim related to being treated differently than other prisoners based on his crime, race, religion, and political beliefs, and due process claim related to the failure to provide periodic review of classification to segregation; Count 9-Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property; Count 10-Eighth Amendment conditions of confinement claim related to the conditions of his cell in segregation; Count 11-First Amendment free exercise of religion; Count 12-Eighth Amendment conditions of confinement claim related to food provided to him at HDSP; Count 13-Fourth Amendment claim based on an alleged

2

unreasonable search and Eighth Amendment claim related to a search allegedly intended to harass; Count 14-Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property when Plaintiff leaves his cell; Count 15-Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims related to housing in segregation; Count 16-equal protection claim related to being treated differently than inmates with similar convictions and sentences with respect to classification to maximum custody; Count 17-Eighth Amendment conditions of confinement claim related to the right to exercise; Count 18-Eighth Amendment claim regarding the risk of harm related to having to walk great distances in restraints; Count 20-First Amendment retaliation claim; and Count 24-Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property. (Doc. # 6.) Counts 8, 19, 21, 22, 23 and 25 were dismissed on screening. (*Id.*)

Defendants subsequently filed a partial motion to dismiss, seeking dismissal of Counts 1, 3, 4, 7, 12, 13, 15, 16 and 17 on the basis that they were duplicitous of claims asserted in *Antonetti v. Nevin*, 2:08-cv-01020-KJD-VCF. (Doc. # 40.) The court issued a report and recommendation to grant in part and deny in part Defendants' motion(Doc. # 53), which was adopted by the district court (Doc. # 57). The result is that Counts 1, 4, 7, 12, 13, 15, 16 and 17 were dismissed with prejudice as to defendants Baca, Cox, Henson, Kuloloia, Neven, Skolnik and Walker. (*Id.*)

Therefore, the action is proceeding as to the following: Count 1-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 2-as to all defendants; Count 3 -as to all defendants; Count 4-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 5-as to all defendants; Count 6-as to all defendants; Count 7-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 9-as to all defendants; Count 10-as to all defendants; Count 11-as to all defendants; Count 12-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 13-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 14-as to all defendants; Count 15-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow

only; Count 16-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 17-as to defendants Clarkson, Cool, Hendley, Liverani, Loan and Morrow only; Count 18-as to all defendants; Count 20-as to all defendants; and Count 24-as to all defendants.

**B. Plaintiff's Motions (Docs. # 91, # 92)**

Plaintiff has filed a motion requesting class certification and corresponding request for appointment of counsel. (Docs. # 91, # 92.) Plaintiff asserts that he has been housed in the segregation unit at HDSP for the past eight years. (*Id.* at 1.) He claims that he has recently been able to communicate with other inmates concerning their complaints regarding conditions of confinement that are similar to those alleged by Plaintiff in this action. (*Id.* at 1-2.) He goes on to state that he has obtained the names of more than thirty inmates who have requested to participate in a class action. (*Id.* at 2.) He asserts that these people have all suffered ongoing constitutional violations. (*Id.*) He further contends that potentially 672 inmates suffer from the same constitutional violations that he complains of in this action. (*Id.*) Finally, he requests that if a class is certified that class counsel be appointed.

**C. Defendants' Response (Docs. # 94, # 100)**

Defendants have opposed Plaintiff's request. (Doc. # 94.) They argue the following: Plaintiff has not identified other inmates at HDSP who have allegedly suffered harm based on the purported deficiencies in living conditions; Plaintiff cannot show that joinder of any other inmate would be impracticable; or that he is able to fairly and adequately able to protect the interests of the class. (*Id.*)

With respect to Plaintiff's request for the appointment of counsel to represent the class, Defendants acknowledge that Plaintiff could not proceed pro se in a class action, but argue that the request for class certification is without merit and should be denied, making Plaintiff's request for the appointment of counsel moot. (Doc. # 100.)

**D. Plaintiff's Reply (Doc. # 96)**

In his reply brief, Plaintiff provides the names of various inmates and asserts that these, and other inmates, are all suffering from a lack of adequate medical care, exercise, hygiene, fair

4

review of classification, an adequate law library, property issues, disciplinary hearings, arbitrary punishment, and restrained movement. (Doc. # 96.) He asserts that as long as one of the class members have exhausted their administrative remedies, as he asserts he has, a class can be certified. (*Id.* at 2-3.)

**E. Defendants' Supplement to their Response (Doc. # 103)**

The supplement was filed to clarify that Defendants' acknowledgment that Plaintiff could not proceed pro se in a class action was not a concession that class certification is appropriate; rather, their position is that counsel is not necessary because the class should not be certified. (Doc. # 103.)

In addition, Defendants assert various arguments in response to Plaintiff's reply brief. First, they contend that many of Plaintiff's claims are based on individual, particularized harm to him, and he has not demonstrated that the putative class members have suffered the same harm. (*Id.* at 2.) They also argue that Plaintiff's putative class of thirty inmates would not render joinder impractical. (*Id.* at 2-3.) Next, they contend that Plaintiff has not demonstrated questions of law or fact common to the class. (*Id.*) They also argue that because many of his claims are particularized to himself, Plaintiff cannot adequately represent the interests of any other inmate. Finally, Defendants assert the argument that even assuming the putative class members suffered the same injuries, by the same defendants, as Plaintiff suffered at the time of the filing of his complaint, the statute of limitations would bar these claims. (*Id.* at 3-4.)

**F. Plaintiff's response to Defendants' Supplement (Doc. # 105)**

Plaintiff maintains that all of his claims stem from conditions of confinement in segregation. (Doc. # 105 at 1.) He asserts that there are more than 600 inmates housed in segregation at HDSP who suffer from the same conditions as Plaintiff has alleged here. (*Id.*) He contends that there are common questions in almost every count asserted, and the claims and defenses are typical. (*Id.* at 2-3.) He states that the lack of law library, exercise, hygiene items, public strip searches, food issues, harassing cell searches, and taking of property are common to all of inmates in segregation at HDSP. (*Id.* at 4.)

5

Plaintiff also argues that should the class be certified, class counsel must be appointed. (*Id.* at 3.)

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs class actions. "A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Dailey News, Inc.*, 709 F.3d 829, 832 (9th Cir. 2013); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-980 (9th Cir. 2011) (citation omitted).

To sue on behalf of members of a class, the following must be established under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (internal citation and quotation omitted); *accord Wang*, 709 F.3d at 832. "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied." *Wang*, 709 F.3d at 833 (citing *Dukes*, 131 S.Ct. at 2551).

In addition, under Rule 23(b), a class action may only be maintained if one of the following three requirements is met:

> (1) prosecuting separate actions by or against individual class members would create a risk of
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory

> relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> > (A) the class members interests' in individually controlling the prosecution or defense of separate actions;
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2552 (2011). The court will now proceed with an analysis of the factors set forth in Rule 23(a).

### III. ANALYSIS

**A. Numerosity-Rule 23(a)(1)**

"Although the absolute number of class members is not the sole determining factor, where a class is large in numbers, joinder will usually be impracticable." *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982) (citation omitted), *vacated on other grounds*, 459 U.S. 810 (1982). While there is no threshold number that must be required to satisfy numerosity under Rule 23(a)(1), more than forty is generally sufficient. *See, e.g.*, *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)

While Plaintiff broadly states that there are over 600 inmates housed in segregation at HDSP, he has identified by name only thirty inmates as putative class members. He has not established that the class is so numerous that joinder of all members is impracticable. In addition, Plaintiff has not specifically addressed the impracticability of joinder of these thirty inmates.

**B. Commonality-Rule 23(a)(2)**

"Commonality requires the plaintiff to demonstrate that the class members 'have

7

1  suffered the same injury[.]" *Dukes*, 131 S.Ct. at 2551 (quoting *General Telephone Co. of*
2  *Southwest v. Falcon*, 457 U.S. 147, 157 (1982)*).* "This does not mean merely that they have all
3  suffered a violation of the same provision of law…Their claims must depend upon a common
4  contention…[which] must be of such a nature that it is capable of classwide resolution—which
5  means that determination of its truth or falsity will resolve an issue that is central to the
6  validity of each one of the claims in one stroke." *Id.* "What matters to class certification is not
7  the raising of common questions—even in droves—but, rather the capacity of a classwide
8  proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*,
9  131 S.Ct. at 2551 (alteration and internal quotation marks omitted). "Dissimilarities within the
10 proposed class may 'impede the generation of common answers.'" *Wang*, 709 F.3d at 833
11 (quoting *Dukes*, 131 S.Ct. at 2551).

12 While Plaintiff broadly asserts that thirty inmates at HDSP have complaints regarding
13 the same conditions of confinement Plaintiff raises in this action, he has not provided the court
14 with specific information that would allow the court to conclude that there is sufficient
15 commonality among the claims to justify certifying a class. Defendants are correct that most
16 of Plaintiff's claims involve harm that is particularized to him, and would not satisfy the
17 commonality requirement for class certification.

18 In Count 1, Plaintiff alleges violations of his Eighth Amendment right based on the
19 deprivation of needed mental health care, and specifically that his housing in segregation has
20 led to a mental health breakdown and has not been seen by mental health professionals
21 enough. This claim is tailored to Plaintiff's mental health issues; therefore, it does not provide
22 a basis for finding a commonality.

23 In Count 2, Plaintiff alleges that he has been denied legal materials as well as legal
24 assistance from a law clerk resulting in the dismissal of his habeas corpus petition. While other
25 inmates in HDSP's segregation unit may conceivably have the same complaints concerning the
26 alleged inadequacies of the law library system, Plaintiff has not asserted, let alone established
27 that they each suffered "actual injury," i.e., the inability to file a section 1983 action, habeas

petition or direct criminal appeal as a result of these asserted deficiencies.

In Counts 3 and 4, Plaintiff alleges that he was deprived of personal hygiene items in that he is regularly deprived of toilet paper and soap, is only allowed to shower twice a week, and is deprived of outdoor exercise. He also alleges deficiencies concerning the exercise provided at HDSP in Count 17. Plaintiff has not asserted which of the inmates he names in his reply brief suffer from the same conditions of confinement. Instead, he makes a broad generalization that everyone in segregation suffers from all of the constitutional violations he complains of in this action. Moreover, he does not establish that all of the putative class members have suffered the same injuries.

In Count 5, Plaintiff alleges that defendants have confiscated, withheld and returned mail from his friends and family, as well as publications from legitimate members. This allegation appears to be particularized to Plaintiff instead of being applicable to the residents of HDSP's segregated housing unit. In Count 6, Plaintiff asserts that he has been denied the ability to send personal and legal mail due to HDSP's policy of requiring proof of indigent status. Plaintiff has not included sufficient information in his motion to allow the court to conclude that this claim is common among the putative class members.

In Count 7, Plaintiff alleges he is housed in segregation at HDSP without proper classification or review, and claims that he is treated differently than other prisoners based on his crime, race, religion, and political beliefs. While Plaintiff asserts generally that the other inmates are subject to all of the constitutional violations of which he complains in this action, Plaintiff has not established that the putative class members have all been placed in segregation without proper classification or review. Moreover, Plaintiff's equal protection claim is particularized to his circumstances.

Count 9 involves Plaintiff's allegation that he was subject to a "shake down" in his cell which resulted in the taking of various personal property items. Again, these allegations are particularized to Plaintiff's circumstances.

In Count 10, Plaintiff alleges that dirty blows into the cells in his unit, the air is not on

9

1  in the summer and heat is not on in the winter which has caused him to suffer from cracked
2  lips, nostrils which bleed and refuse to heal, as well as difficulty breathing and sleeping.
3  Plaintiff provides no specific factual information concerning similar claims or injuries suffered
4  by other residents of HDSP's segregation unit. As such, the court cannot conclude this presents
5  a common question for purposes of class certification.

6  Count 11 involves allegations concerning Plaintiff's ability to exercise his religion which
7  are particularized to his circumstances.

8  In Count 12, Plaintiff alleges he is provided of food with less nutritional value and
9  quality than that provided to other inmates at HDSP, leading him to suffer from weight loss,
10 lack of energy and perpetual hunger. Plaintiff has presented no information to support a
11 conclusion that the other residents of HDSP's segregated housing unit suffer from the same
12 injuries.

13 Count 13 relates to Plaintiff's allegations concerning strip searches, and alleges it has
14 resulted in his own mental and physical degeneration. While the strip search policy may apply
15 to all prisoners in segregation at HDSP, the court is without sufficient information to conclude
16 that the putative class members have suffered the same injury as a result of implementation
17 of this asserted policy.

18 Count 14 includes Plaintiff's allegations of intentional, authorized deprivation of his
19 property following cell searches. Other than his broad characterization of the applicability of
20 his complaints to the putative class members, Plaintiff does not establish that this injury befalls
21 all residents of HDSP's segregated housing unit.

22 In Count 15, Plaintiff alleges that he is arbitrarily kept in isolation in the administrative
23 segregation unit and is treated as if he were in disciplinary segregation. Plaintiff has not
24 clarified whether this is a claim common to all of the putative class members, or whether some
25 residents of the HDSP segregation unit are there for disciplinary reasons, classification reasons,
26 or for some reason other than an arbitrary placement in segregation as Plaintiff has alleged.

27 In Count 16, Plaintiff claims he is treated differently than inmates with similar
28
                                                    10

1  convictions and sentences because of his race, political and religious beliefs as well as his crime.
2  This claim involves injuries particularized to Plaintiff's circumstances and does not provide a
3  basis for commonality.

4  In Count 18, Plaintiff alleges that he has been made to walk great distances in restraints,
5  causing cuts, bleeding and scarring of his ankles. While other putative class members may also
6  be forced to walk great distances in restraints, Plaintiff has not provided information regarding
7  any asserted injuries suffered by them, and as a result the court cannot find commonality exists
8  as to this claim.

9  In Count 20, Plaintiff alleges that he has not been provided with copies of institutional
10 policies or administrative regulations. He also asserts various complaints concerning the
11 grievance system, including allegations that kites and grievances are removed and denied
12 senselessly. Plaintiff's sweeping conclusion that the putative members have these same
13 complaints is insufficient to show commonality as to this claim.

14 Count 24 concerns Plaintiff's claim that there is no hearing, proof, or review of ordered
15 restitution, and when he is charged with restitution, he does not know why, which the court has
16 characterized as a claim for an authorized deprivation of property. Once again, Plaintiff
17 provides no information regarding whether the putative class members have also been charged
18 with restitution so as to be deprived of money from their inmate account which would provide
19 a basis for finding commonality.

20 In sum, Plaintiff has not established commonality under Federal Rule of Civil Procedure
21 23(a)(2).

22 **C. Typicality-Rule 23(a)(3)**

23 Plaintiff must establish that the claims or defenses of the representative parties are
24 typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is
25 whether other members have the same or similar injury, whether the action is based on
26 conduct which is not unique to the named plaintiffs, and whether other class members have
27 been injured by the same course of conduct.'" *Ellis*, 657 F.3d at 984 (citation omitted).

28

1 "Typicality refers to the nature of the claim or defense of the class representative, and not to
2 the specific facts from which it arose or the relief sought." *Id*. (citation and quotation marks
3 omitted).

4 Plaintiff provides nothing more than a sweeping conclusion that the claims and
5 defenses raised in his individual action will be typical of those raised in the class action.
6 Plaintiff has not met his burden with respect to this element. As the court pointed out above,
7 many of Plaintiff's claims are particularized to his circumstances, leading the court to conclude
8 that Plaintiff cannot establish typicality.

**D. Adequacy-Rule 23(a)(4)**

10 The fourth requirement of Rule 23(a) is that "the representative parties will fairly and
11 adequately protect the interests of the class..." Fed. R. Civ. P. 23(a)(4). To adequately represent
12 the class, the named plaintiff should not have conflicts of with other class members and must
13 vigorously prosecute the action on behalf of the class. *Ellis*, 657 F.3d at 985. Courts have
14 interpreted this as requiring a showing that named plaintiffs have some understanding of the
15 complaint and proceedings. *See, e.g, Berger v. Compaq Computer Corp*., 257 F.3d 475, 479 n.
16 4 (5th Cir. 2001); *Powers v. Clay*, C.A. No. V-11-051, 2011 WL 6130929 at * 3 (S.D. Tx. Dec. 8,
17 2011); *Massengill v. Bd. of Educ., Antioch Cmty. High Sch.*, 88 F.R.D. 181, 185-86 (D.Ill. 1980).
18 In addition, some courts have prohibited pro se prisoner class actions from proceeding
19 (without counsel) "for fear that 'the competence of a layman representing himself [is] clearly
20 too limited to allow him to risk the rights of others.'" *Powers*, 2011 WL 6130929 at * 3 (quoting
21 *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) and citing *Caputo v. Fauver*, 800
22 F.Supp. 168, 170 (D. N.J. 1992); *Washington v. Louisiana*, No. 09-3186, 2009 WL 2015556,
23 at * 1 n. 1 (E.D. La. June 30, 2009)).

24 Plaintiff has not addressed any conflicts of interest with other class members, nor has
25 he established that he would be able to vigorously prosecute this action on behalf of the class
26 if he was allowed to proceed pro se. Plaintiff's various individual motions for the appointment
27 of counsel have been denied in this action. (*See* Docs. # 21, # 24, # 61, # 82.) Moreover, as set

12

forth below, class counsel should not be appointed because Plaintiff has not met the other requirements for class certification under Rule 23(a).

Because Plaintiff has not overcome the mandatory preconditions imposed by Rule 23(a) for class certification, there is no need to engage in a discussion of the requirements of Rule 23(b).

**E. Request for Appointment of Counsel**

Plaintiff's request can be construed as one for appointment of counsel under Federal Rule of Civil Procedure 23(g), which requires the appointment of class counsel if a class is certified. Having concluded that class certification is not appropriate, the court recommends that Plaintiff's motion for appointment of class counsel (Doc. # 92) be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's request for class certification (Doc. # 91) and motion for appointment of counsel (Doc. # 92).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 5, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE