1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8

9   JOSEPH ANTONETTI,                     )          3:10-cv-00158-LRH-WGC
                                          )
10                   Plaintiff,           )
          vs.                             )
11                                        )          **REPORT AND RECOMMENDATION**
    HOWARD SKOLNICK, et al.               )          **OF U.S. MAGISTRATE JUDGE**
12                                        )
                   Defendants.            )
13  _____ )

14          This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States

15   District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

16   § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion to File

17   Amended/Supplemental and Extended Complaint. (Doc. # 95.)[1] Defendants filed an opposition. (Doc.

18   # 97.)

19          After a thorough review, the court recommends that Plaintiff's motion be denied.

20                                **I. BACKGROUND**

21          At all relevant times, Plaintiff Joseph Antonetti was an inmate in custody of the Nevada

22   Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 29 at 1.) The events giving rise to this

23   action took place while Plaintiff was housed at High Desert State Prison (HDSP). The defendants

24   currently named in this action are: Isidro Baca, Charlene Clarkson, Darin Cool, James Cox, Adrian

25   Hendley, James Henson, William Kuloloia, Richard Liverani, Efrain Loan, Cole Morrow, Dwight

26   Neven, Howard Skolnik, and Jeffrey Walker.

27          Plaintiff's original complaint was filed and screened by the court. (*See* Screening Order, Doc.

28
         _____
         [1] Refers to court's docket number.

# 6, and Pl.'s Compl., Doc. # 9.) At a hearing on June 20, 2011, the court granted Plaintiff's oral motion to amend to formally add defendants who were referred to in the body of the original complaint but were not named as defendants. (*See* Doc. # 28.) Thereafter, the court screened Plaintiff's Amended Complaint. (Second Screening Order, Doc. # 32.) The court found that the Amended Complaint did not contain sufficient allegations against the new defendants Plaintiff sought to add. (Doc. # 32 at 2.) The court dismissed those defendants and determined that because the claims in the Amended Complaint were identical to the original complaint, the action would proceed as set forth in the original screening order. (*Id.*)

As such, the action was allowed to proceed on the following claims identified in the original screening order: Count 1-Eighth Amendment claim based on medical care and isolation; Count 2-First Amendment access to courts; Count 3-Eighth Amendment conditions of confinement related to personal hygiene; Count4-Eighth Amendment conditions of confinement related to denial of outdoor exercise; Count 5-First and Fourteenth Amendment claim related to deprivation and confiscation of incoming mail; Count 6-First Amendment claim related to denial of the right to send mail; Count 7-equal protection claim related to being treated differently than other prisoners based on his crime, race, religion, and political beliefs, and due process claim related to the failure to provide periodic review of classification to segregation; Count 9-Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property; Count 10-Eighth Amendment conditions of confinement claim related to the conditions of his cell in segregation; Count 11-First Amendment free exercise of religion; Count 12-Eighth Amendment conditions of confinement claim related to food provided to him at HDSP; Count 13-Fourth Amendment claim based on an alleged unreasonable search and Eighth Amendment claim related to a search allegedly intended to harass; Count 14-Fourteenth Amendment due process claim related to the intentional, authorized deprivation of property when Plaintiff leaves his cell; Count 15-Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims related to housing in segregation; Count 16-equal protection claim related to being treated differently than inmates with similar convictions and sentences with respect to classification to maximum custody; Count 17-Eighth Amendment conditions of confinement claim related to the right

1  to exercise; Count 18-Eighth Amendment claim regarding the risk of harm related to having to walk

2  great distances in restraints; Count 20-First Amendment retaliation claim; and Count 24-Fourteenth

3  Amendment due process claim related to the intentional, authorized deprivation of property. (Doc. # 6.)

4  Counts 8, 19, 21, 22, 23 and 25 were dismissed on screening. (*Id*.)

5          Defendants subsequently filed a partial motion to dismiss, seeking dismissal of Counts 1, 3, 4,

6  7, 12, 13, 15, 16 and 17 on the basis that they were duplicitous of claims asserted in *Antonetti v. Nevin*,

7  2:08-cv-01020-KJD-VCF. (Doc. # 40.) The court issued a report and recommendation to grant in part

8  and deny in part Defendants' motion(Doc. # 53), which was adopted by the district court (Doc. # 57).

9  The result is that Counts 1, 4, 7, 12, 13, 15, 16 and 17 were dismissed with prejudice as to defendants

10  Baca, Cox, Henson, Kuloloia, Neven, Skolnik and Walker. (*Id*.)

11          Plaintiff has since filed the instant motion, requesting leave to amend his complaint. The

12  proposed amended complaint is set forth at Doc. # 95-1. In addition to the currently named defendants,

13  Plaintiff seeks to add defendants whom were previously dismissed: Marshall, Wuest, Graham, Deal,

14  Smith, Sablica, and Hoover. (*See* Doc. # 32 at 2.) In addition, Plaintiff seeks to add, as best as the court

15  can ascertain, some twenty-one new defendants: Ritz, Helling, McDaniels, Dreeson, Nash, Howell,

16  Connett, Foster, Fletcher, Roberson, Treadwell, Cool, Evangelista, Menendez, Valdez, Capper, Hooper,

17  Shields, Ervin, Walker and the Nevada Prison Commission. The proposed amended complaint sets forth

18  nineteen causes of action.

19          In his motion, Plaintiff mentions that he previously sought an extension of the discovery and

20  amendment deadlines, and an extension of the discovery was granted, but there was no corresponding

21  extension of the deadline to seek amendment of the pleadings. (Doc. # 95 at 1.)  He now wishes to

22  amend his complaint to add parties, successors, as well as doe defendants, and to more clearly articulate

23  his claims. (*Id*. at 2.)

24          Defendants have opposed Plaintiff's motion, arguing that allowing Plaintiff to amend his

25  pleading to add parties and expand the time line of claims would result in prejudice to Defendants, who

26  have now filed a dispositive motion. (Doc. # 97 at 2.) Defendants also claim that amendment would be

27  futile because many of the claims submitted in the proposed amended pleading are substantially identical

28

to those that survived screening (Counts I to XVII of the proposed amended complaint) as well as to those that were previously dismissed on screening (Counts XVIII-XX of the proposed amended complaint) . (*Id.*)

## II. LEGAL STANDARD

"A  party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment:  "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

"When the district court has filed a Rule 16 scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." *Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.*, 529 U.S. 1038 (2000); *see also Byrd v. Guess*, 137 F.3d 1126, 1131-32 (9th Cir. 1998) ("Once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, modifications are allowed only upon a showing of 'good cause'...And once a pretrial order has been entered pursuant to Rule 16(e) setting forth the parties and issues for trial, modifications are allowed 'only to prevent manifest injustice.'").

## III. ANALYSIS

The original scheduling order in this matter was entered on August 31, 2012. (Doc. # 59.) Pursuant to its terms, any motion for leave to amend a pleading was to be brought on or before October 30, 2012. (*Id.*) On January 25, 2013, Plaintiff filed a motion requesting to amend the scheduling order. (Doc. # 84.) This was filed nearly three months after the deadline to seek leave to amend a

pleading had passed. The motion itself focused around the discovery deadline and Plaintiff's need to obtain and review discovery responses and to serve additional discovery. (Doc. # 84.) Defendants did not oppose Plaintiff's motion. (Doc. # 86.) Notably absent from the motion was any request to extend the deadline for amendment of pleadings. The court granted Plaintiff's motion, extending the discovery deadline in this matter to April 7, 2013, the discovery motion deadline to April 22, 2013, the dispositive motion deadline to May 22, 2013, and the deadline for filing a joint pretrial order to June 21, 2013 (unless a dispositive motion is filed, and in that case, to thirty days after a decision is rendered on the dispositive motion). (Doc. # 87.) At that time, the court stated, in bold and all capital letters: **"THERE SHALL BE NO FURTHER EXTENSIONS**." (*Id.*)

The order did not contain a new deadline for amending the pleadings. Although not set forth specifically in the court's order, the reason for this was the fact that the deadline for amendment had passed long before Plaintiff filed his motion for an extension, which only referenced the discovery deadline. Additionally, Plaintiff had previously sought to amend the action, unsuccessfully (Doc. # 32), and this case has been pending since 2010. Moreover, the court addressed Plaintiff's proposition of amending the scheduling order to amend his complaint or add parties, and at that time denied Plaintiff's then pending motion to extend time to amend the complaint. (*See* Doc. # 33, Doc. # 82.)

The scheduling order itself provides that for any motion to amend the scheduling order filed outside the parameters outlined therein, the moving party must show good cause. Plaintiff has not made a good cause showing or otherwise explained why he has waited until this late juncture to seek amendment of the complaint. Instead, he has filed a proposed amended complaint which includes claims that are substantially identical to those already encompassed within this action, with additional parties whose connection to the alleged constitutional violations Plaintiff does not adequately explain (Counts I to XVII of the proposed amended complaint). (Doc. # 95-1.) In addition, he seeks to re-assert claims that were previously dismissed by the court without curing the deficiencies identified by the court (Counts XVIII to XX of the proposed amended complaint). (*Id.*) Defendants represent that they have engaged in substantial discovery, producing a voluminous amount of documentation to Plaintiff, and have filed a partial motion to dismiss and motion for partial summary judgment (Doc. # 109).

The court finds Plaintiff has not established good cause to support his request for an amendment outside the parameters of the scheduling order. Moreover, the court finds, for the reasons stated above, that amendment would prejudice Defendants, would produce an undue delay in this litigation which has been pending since 2010, and is futile. Therefore, the court recommends that Plaintiff's motion requesting leave to amend his complaint be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion to File Amended/Supplemental and Extended Complaint (Doc. # 95) **WITH PREJUDICE**.

The parties should be aware of the following:

1.     That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:  August 5, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

6