**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH ANTONETTI, | 3:10-cv-00158-LRH-WGC |
| Plaintiff, | |
| vs. | **ORDER** |
| HOWARD SKOLNIK, et al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Reconsider Appointment of Counsel. (Doc. # 126.) Plaintiff's motion, which was filed on August 5, 2013, bears a signature date of July 30, 2013. It appears to seek reconsideration of this court's order of July 23, 2013 (Doc. # 118), which denied his third motion for appointment of counsel (Doc. # 114.)[1]

### I. LEGAL STANDARD: MOTION FOR RECONSIDERATION

While Plaintiff has titled his motion as one for reconsideration ( Doc. # 126 at 1), the court's order was interlocutory in nature. The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal

---

[1] This is Plaintiff's second motion for reconsideration of an order denying appointment of counsel. (*See*, Doc. # 83 which sought reconsideration of Doc. # 82, denying Plaintiff's motion for appointment of counsel (Doc. # 61).)

1  Rules of Civil Procedure." *Id.* at 887.

2  Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59 (e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-0353-RCJ (VPC), 2010 WL 1727841, at * 1-2 (D. Nev. 2010)).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at * 1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

While Plaintiff again expresses what he believes to be valid reasons supporting the appointment of counsel, Plaintiff has still failed to submit any newly discovered evidence or to provide any authority showing the court committed "clear error" in its original decision denying his request for appointment of counsel (Doc. #118). He also has not identified any change in the controlling law. As the court advised him in it's order denying his earlier motion for reconsideration, "a motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Henry*, 2010 WL 3636278, at *1 (citing *In Re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)) (internal quotation marks omitted).

Nevertheless, the court will revisit the merits of Plaintiff's underlying motion.

## II. DISCUSSION

**A. Legal Standard**

As the court has previously explained to Plaintiff, a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th

Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn*, 789 F.2d at 1331) (other citations omitted). Neither factor is controlling; both must be viewed together in making the finding. *Id*. However, the district court exercises discretion in making this finding. *Id*.

As the court explained to Plaintiff at the January 16, 2013 status conference (*see* Minutes, Doc. # 82 at 3-4), and in it's order (Doc. # 88), absent a showing of case complexity and a likelihood of success, which Plaintiff has not demonstrated here, courts generally do not appoint counsel. It is the plaintiff's burden to establish the existence of such circumstances, and Plaintiff has not done so here. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on unrelated grounds*, 154 F.3d 952, 954 (9th Cir. 1998) (en banc). Nevertheless, the court will now review Plaintiff's request for counsel in light of his current Motion to Reconsider.

**2. Analysis**

Plaintiff argues that his case is complex because "the law says 'conditions of confinement' are complex," as well as raising First Amendment issues, prison policy, religious exercise and defenses of qualified immunity. (*Id*., at 2.) However, Plaintiff has not explained why these issues are so complex so as to justify the appointment of counsel. The court finds that Plaintiff still fails to demonstrate the case is unduly complicated to the extent Plaintiff is unable to prosecute the case or articulate his claims. Neither has he demonstrated his likelihood of success on the merits, each of which is a precondition to appointment of counsel.

Several causes of action asserted by Plaintiff were found to have asserted colorable claims for relief and survived screening. (*See* Screening Order, Doc. # 6.) Certain of those claims were

eliminated on Defendants' motion pursuant to this court's Report and Recommendation (Doc. # 53), as affirmed by the order of Senior Judge Edward C. Reed, Jr. (Doc. # 57). The remaining claims are neither unduly complicated nor unnecessarily complex. Plaintiff asserts his broken kneecap and the fact he expects to be in rehabilitation for several months is an exceptional circumstance warrant appointment of counsel. (*Id.*, at 1.) The court disagrees and does not believe this presents the necessary unique circumstances justifying appointment of counsel.

With respect to the other *Terrell* factor, Plaintiff has not addressed, and therefore has not convinced the court of a likelihood of success on the merits of his claims. Thus, the court once again finds that the extraordinary circumstances necessary for appointment of counsel to be absent.

While Plaintiff represents he has limited access to the law library, Plaintiff has shown an ability to articulate and prosecute his claims, as demonstrated by the numerous motions he has filed in this action in addition to his civil rights Complaint. (*See, e.g.*, Docs. ## 34, 48, 52, 61, 62, 83, 84, 91, 92, 95 and 106.) Plaintiff is also no stranger to litigation. (*See Antonetti v. Neven*, 2:07-cv-00162-MMD-VCF; *Antonetti v. Neven,* 2:08-cv-00120-KJD-VCF*; Antonetti v. Neven*, 2:09-cv-01323-PMP-GWF; *Antonetti v. Skolnick*, 2:09-cv-02031-RLH-PAL; *Antonetti v. Las Vegas*, 2:13-cv-00064-RCJ-NJK; *Antonetti v. Neven*, 3:11-cv-00451-RCJ-WGC*; Antonetti v. Obama*, 3:11-cv-00452-ECR-RAM; *Antonetti v. Obama*, 3:11-cv-00548-LRH-WGC; *Antonetti v. Neven*, 3:11-cv-00157-ECR-WGC.)

The court also notes that there is, unfortunately, no pool of attorneys in Nevada to whom the court can turn to appoint counsel in Section 1983 pro se prisoner litigation. The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 U.S. 296, 310 (1989). This is part of the reason that the court can only appoint counsel under exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1281 (2010). Not having a *pro bono* panel in the District of Nevada to whom the court might turn to seek counsel to represent Plaintiff, it would be problematic for the court to secure an attorney willing to undertake *pro bono* representation of an inmate Plaintiff who is confined in a remote location of northeastern Nevada. That is not to say that difficulty could not be overcome, but when combined with this court's observation that Plaintiff has not demonstrated a likelihood of success or shown that his case is unduly complicated, the complexities of appointment of counsel are compounded.

Therefore, the court, in its exercise of its discretion, again finds Plaintiff has failed to overcome the admittedly formidable hurdles for appointment of counsel and denies Plaintiff's motion for reconsideration.

### III. CONCLUSION

Having failed to convince the court it should reverse its prior orders denying appointment of counsel, and for the reasons stated at the January 16, 2013 hearing, the reasons outlined in the court's order of February 13, 2013, and the reasons stated herein, Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. # 126) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 14, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE