# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | 3:10-cv-00158-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| HOWARD SKOLNIK, et al., | ) | |
| Defendant(s). | ) | |

Before the court is Plaintiff's motion to compel discovery. (Doc. # 106.) Plaintiff did not comply with Local Rule 26-7 which requires any motions to compel discovery to "set forth in full the text of the discovery originally sought and the responses thereto, if any." Instead, Plaintiff states he has "made requests for production of documents." (*Id*., at 1.) Plaintiff does not identify what set of requests he is referring to (per his motion, he has served multiple sets (*id*.)); on which Defendants they were served; nor which specific request number to which his motion pertains. Plaintiff does provide a brief summary of certain discovery requests (numbers 1-24; Doc. # 106 at 3-8), but not the specific discovery request itself. These deficiencies make it difficult for the court to evaluate the propriety, if any, of Plaintiff's discovery requests and the responses thereto of "the Defendants" which he finds objectionable.

Defendants responded to Plaintiff's motion in Doc. # 122. The response was generically filed on behalf of "Defendants" which leads the court to assume Plaintiff's discovery, whatever it was, was served on and responded to by all Defendants.

Defendants have objected to Plaintiff's failure to comply with Local Rule 26-7 and that "[p]laintiff provides no specific reference to each request in dispute; for example by referencing to which

Defendants the request was made or the date the request was served." (Doc. # 122 at 2.) This is the same deficiency the court described above, i.e., by not attaching the discoveary documents, it is difficult to ascertain the specific subject of the disputed discovery request.

Defendants' response to Plaintiff's motion was on behalf of <u>all</u> Defendants but complains Plaintiff has not described identified to whom the discovery was directed (*id*.). Nevertheless, Defendants address each of the 24 discovery issues referred to by Plaintiff, but in doing so have not provided the text of the request which was made to "Defendants" nor the response thereto (as to either the subject Defendant or the Defendants collectively). The court is therefore left to speculate as to the specific discovery request and the response which was provided; instead the court must interpret the parties' respective summaries.

While the court recognizes that it is the responsibility of the moving party under LR 26-7 to submit in full the text of the discovery and the response, in order to proceed more efficiently herein, the Defendants are directed to submit such information to the court. The Defendants may "cut and paste" the discovery request and response which pertains to the appropriate request which appear as Plaintiff's 1 through 24. However, at this time Defendants need <u>not</u> attach or submit the exhibits, if any, which pertain to the subject response. Defendants shall in some fashion identify which set of Plaintiff's requests for productions the referenced response pertains to, assuming Plaintiff has served more than one set of requests. Defendants shall submit this documentation **on or before September 6, 2013**.

Plaintiff is also required, also **on or before September 6, 2013,** to state, as to each of his numbered requests what set of requests for production and what specific request number each of his 1-24 topics pertains to. Additionally, for each such specific request,

(a) if the request was not directed to "all Defendants," Plaintiff shall identify to whom request numbers 1-24 was directed; and

(b) to which cause or causes of action the request pertains and how the request was intended to seek discoverable and relevant information with regard to that claim for relief.

/ / /

/ / /

/ / /

2

The courtroom administrator shall calendar a discovery status conference on these issues as soon as the court's calendar will accommodate it.

**IT IS SO ORDERED.**

DATED: August 19, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE