UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ANTONETTI, ) | 3:10-cv-00158-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | September 17, 2013 |
| ) | |
| HOWARD SKOLNICK, *et al.,* ) | |
| ) | |
| Defendants. ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF:    Joseph Antonetti, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:    Stephen Quinn

**MINUTES OF PROCEEDINGS: Discovery Status Conference**

9:31 a.m. Court convenes.

Despite the deficiencies noted in the order dated 8/19/2013(Doc. # 132) regarding Plaintiff's Motion to Compel (Doc. # 106), i.e., that plaintiff's motion to compel failed to attached the disputed discovery as required by L.R. 26-7such that there are grounds to summarily deny Plaintiff's motion, it is the court's intention to attempt to resolve the discovery disputes during today's hearing .[1]

The court and parties address the twenty four (24) disputed categories of discovery listed in Defendants' Response to Motion to Compel (Doc. #122, pgs. 3-9).  After hearing the parties' respective positions as to the discovery disputes, Plaintiff's Motion to Compel (Doc. # 106) is **GRANTED in part** and **DENIED in part**.  The court finds the following:

1. Reports of full classification hearings including forms of "48 hour notice:" "results notice;" and "re-integration long range goals form" "in accordance with A.R. 507":

    Court Order:    **DENIED in part**.  Because of the failure of the plaintiff to attach the disputed discovery, the court is unable to ascertain what this discovery dispute involves nor is the court able identify the subject

---

[1] Plaintiff timely responded to court order (Doc. # 132) at Doc. # 138; however, the Court notes further deficiencies in Plaintiff's response.  Defendant did not respond to the court order.

MINUTES OF PROCEEDINGS
3:10-cv-00158-LRH-WGC
Date: September 17, 2013
Page 2

        matter of the discovery dispute. However, plaintiff is allowed access to his "I-File."

2. Documents relating to the spraying of insects:

   Court Order: **GRANTED** to the extent the Attorney General's Office ("AG's Office) is directed to contact the Nevada Department of Corrections ("NDOC") to investigate whether or not there are any documents responsive to this request. The AG shall supplement its response as to this request, advising the court the results of its investigation as to this discovery dispute. If there are such documents responsive to this request they should be produced to Plaintiff.

3. Medical, mental health and all communication to medical:

   Court Order: **DENIED**. Plaintiff shall follow proper NDOC procedure set forth in AR 639 to review his medical records and makes copies accordingly.

4. Records of "psych" visits:

   Court Order: **DENIED**. Plaintiff shall follow proper NDOC procedure set forth in AR 639 to review his medical records and make copies accordingly.

5. Property file, to include "receipt for receiving books and any and all unauthorized mail and property forms":

   Court Order: **GRANTED** to the extent the AG's Office is directed to contact NDOC to investigate whether or not there are any notices for the 2008-2010 time period of any mail materials that were rejected as to Mr. Antonetti. This request response shall be supplemented to advise the court of the results regarding this investigation.

6. Information regarding any "psych" patient housed in segregation:

   Court Order: **DENIED**. Information concerning other inmates is irrelevant to Plaintiff's claims.

7. Order for Plaintiff to receive "Kosher" trays:

   Court Order: **DENIED as moot**. As best the court can ascertain, Defendants have

**MINUTES OF PROCEEDINGS**
3:10-cv-00158-LRH-WGC
Date: September 17, 2013
Page 3

    produced what documents they are in possession of responsive to this request.

8. Complaints of noise by other inmates or staff:

    Court Order: **DENIED**. The court questions the relevancy of this discovery request and is also concerned as to the burden this may impose on Defendants to produce documents responsive to this request.

9. Documents relating to the cleaning of vents, changing of filters, disconnection of exhaust fans and intake vents:

    Court Order: **GRANTED**. This request is related to item 2 of the twenty four (24) disputed categories of discovery and the AG's Office is directed to conduct further investigation as to this discovery request and supplement its answer.

10. Policy governing how often legal supplies are provided and log of law clerk visits:

    Court Order: **DENIED as moot**.

11. Documentation showing Defendants "tried to repair any of the issues complained of in this action. Specifically to Cole Morrow who answered the grievance related":

    Court Order: **DENIED**. This discovery request is vague. However, the court notes, if Defendants have documents responsive to this requests but do not produce them to Plaintiff, than the documents are more than likely not going to be admissible during trial.

12. Evidence of training of staff:

    Court Order: **DENIED**. There is a lack of documentation as to what specifically Plaintiff is requesting. Defendants deny that plaintiff ever requested production of training materials. The court concurs that training materials would be irrelevant to plaintiff's causes of action.

13. Photos of the outside "rec" areas and cells:

    Court Order: **DENIED as moot**. Defendants' response is sufficient. The court notes Defendants have indicated that if any photographs of these areas are taken and used during trial, the photographs will be produced to Plaintiff.

**MINUTES OF PROCEEDINGS**
3:10-cv-00158-LRH-WGC
Date: September 17, 2013
Page 4

14. Other inmate complaints for yard time, law library, programs, food, inadequate hygiene:

    Court Order: **DENIED**. The court questions the relevancy of this request. The request is analogous to character-type evidence. Additionally, the research involved for this request would be unduly burdensome on the Defendants. With regard to audit documentation that may be relevant to this request, the court cannot ascertain whether or not Plaintiff has specifically requested such documents.

15. Names of all doctors providing care or examination of Plaintiff:

    Court Order: **GRANTED** to the extent the AG's Office is to coordinate with the NDOC to arrange a time for Plaintiff to have adequate time, and without limitation, to review his complete medical file. Defendants complain that plaintiff, who has multiple civil rights cases pending, has utilized his ability to access his medical records via discovery in other cases. Therefore, if the AG's office is able to demonstrate to the court that Plaintiff has had sufficient time to review his medical records and objects to additional time for Plaintiff to review his medical records, then Plaintiff shall be afforded time to respond to such an objection and the court will address this matter thereafter. If Defendants do object to this order, they shall file their objection no later than **Friday, September 27, 2013.**

16. Videos and photos of "beating" of Plaintiff and other incident of psychosis:

    Court Order: **DENIED**. This requests is irrelevant to the claims made in this instant action.

17. Documents relating to "STG" hearing:

    Court Order: **GRANTED** to the extent that the AG's Office is directed to investigate this matter further as to what documents have or have not been produced and whether there are additional documents that are responsive to this discovery requests. Mr. Quinn is directed to meet and confer with Plaintiff regarding these matters and the results of this investigation. Mr. Quinn shall report back to the court whether this discovery dispute remains outstanding or has been resolved informally no later than **Friday, September 27, 2013**.

**MINUTES OF PROCEEDINGS**
3:10-cv-00158-LRH-WGC
Date: September 17, 2013
Page 5

18. Defendants' histories of abuse:

    Court Order:   **DENIED**.  The court questions the relevancy of this request. Furthermore, the request is analogous to character-type evidence. Additionally, the research involved for this request would be unduly burdensome on the Defendants.

19. Logs of surgeries and other procedures done to other inmates at High Desert State Prison:

    Court Order:   **DENIED**.  This requests is irrelevant to the claims made in this instant action.

20. Names of personnel present for "STG" and classification hearings:

    Court Order:   **GRANTED** to the extent that the AG's Office is directed to investigate this matter further as to what documents have or have not been produced and whether there are additional documents that are responsive to this discovery requests.  Mr. Quinn is directed to meet and confer with Plaintiff regarding these matters and the results of this investigation.  Mr. Quinn shall report back to the court whether this discovery dispute remains outstanding or has been resolved informally no later than **Friday, September 27, 2013**.

21. Emails, memos between Defendants regarding complaints made by Plaintiff relating to segregation, showers, food, et al:

    Court Order:   **DENIED as moot**.  Defendants' response is sufficient.

22. The number of gang members in "G.P." including sentence structure "# of lifers," "history of violence":

    Court Order:   **DENIED**.  This requests is irrelevant to the claims made in this instant action.

23.  Memos for religious services provided for "other" religions:

    Court Order:   **DENIED**.  This requests is irrelevant to the claims made in this instant action.

**MINUTES OF PROCEEDINGS**
3:10-cv-00158-LRH-WGC
Date: September 17, 2013
Page 6

      24.      Number of inmates assaulted while in restraints and names "even if under seal":

      Court Order:    **DENIED as moot.** Such information would be irrelevant to any cause of action asserted by plaintiff inasmuch as plaintiff has not alleged he himself was assaulted while in restraints.

**IT IS SO ORDERED.**

10:59 a.m. Court adjourns.

                                          LANCE S. WILSON, CLERK

                                          By:         /s/        
                                                 Katie Lynn Ogden, Deputy Clerk