UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | CASE NOs.   3:10-CV-158-LRH-WGC |
| | ) |                           3:11-CV-548-LRH-WGC |
| Plaintiff, | ) | |
| | ) | MINUTES OF PROCEEDINGS |
| vs. | ) | |
| | ) | DATED: March 17, 2015 |
| HOWARD SKOLNIK, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| JOSEPH ANTONETTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BARACK OBAMA, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT: THE HONORABLE LARRY R. HICKS, U.S. DISTRICT JUDGE

Deputy Clerk: Dionna Negrete                     Reporter: Donna Davidson
Counsel for Plaintiff:   Pro Se
Counsel for Defendant:   Garrit Pruyt, DAG and Andrea Barraclough, DAG

MINUTES OF JURY TRIAL: (Day 1)

8:46 a.m. Court convenes. The Court makes preliminary remarks. The Court addresses plaintiff's Motion to Appear Without Restraints [#229]. The parties present their respective arguments. IT IS ORDERED that restraints shall remain as recommended by the security staff except 1 hand shall be unrestrained to allow the plaintiff to write and handle his documents. The Court places findings on the record IT IS ORDERED that a copy of the plaintiff's criminal record history that the Court incorporates into his findings shall be filed on the docket sealed. Ms. Barraclough informs the Court that potential witness Bert Jackson does not want to testify in light of his professional relationship with the plaintiff. Plaintiff responds and will give some thought to calling Mr. Jackson and let the Court know accordingly. Mr. Pruyt presents argument regarding a previous settlement in case 2:08-cv-1020-APG-VCF and the time frames in the complaint. Plaintiff responds. The matter stands submitted. IT IS ORDERED that if the Court has not rule prior to opening statements, the plaintiff is directed to not use the information as outlined in his statement.

Antonetti v. Skolnik, et al
3:10-cv-158-LRH-WGC
Antonetti v. Obama, et al.
3:11-cv-548-LRH-WGC
Jury Trial Day 1
March 17, 2015
Page 2
_____/

IT IS ORDERED all parties shall remain at counsel table to present their cases. If exhibits are to be displayed on the evidence display, the plaintiff will be assisted accordingly. The Court and the parties confer regarding inmate testimony. The Court will determine the relevancy of their testimony upon their affidavits and preliminary voir dire prior to them being called as potential witnesses. The Court instructs the courtroom clerk to have the prospective jurors brought to the courtroom.

9:44 a.m. Court stands at recess.

10:15 a.m. Court reconvenes in the presence of 34 prospective jurors. Counsel and Pro Se Plaintiff are present. Voir dire oath is administered and 14 prospective jurors are seated; voir dire proceeds.

11:37 a.m. The prospective jurors are admonished and excused. Court stands at recess.

11:54 a.m. Court reconvenes Counsel and Pro Se Plaintiff are present. The prospective jurors are present. Voir dire continues.

12:15 a.m. The jury is admonished and excused. Court remains in session outside the presence of the prospective jurors.

Court stays in session. The parties confer regarding inmate housing and the perspective inmate testimony.

12:20 p.m. Court stands at recess.

1:35 p.m. Court reconvenes outside the presence of the prospective jurors. The Court inquires of the plaintiff regarding his decision to call Bert Jackson as a potential witness. Plaintiff will call him as a witness. The defendant's will have Mr. Jackson available at 8:30 a.m. on Wednesday. The Court and the parties confer regarding further voir dire.

1:45 p.m. The prospective jurors enter the courtroom. Voir dire continues and is completed. The jurors are excused outside the courtroom so the parties may exercise their challenges for cause. The plaintiff exercises his challenges. Defendants pass the jury for cause. IT IS ORDERED that plaintiff's challenges are DENIED. The Court places his findings on the record. The parties exercise their peremptory challenges.

Antonetti v. Skolnik, et al
3:10-cv-158-LRH-WGC
Antonetti v. Obama, et al.
3:11-cv-548-LRH-WGC
Jury Trial Day 1
March 17, 2015
Page 3
_____/

2:26 p.m. The prospective jurors enter the courtroom. The jury is impaneled and sworn. The Court dismisses the remaining juror. The Court instructs the jury on the order of trial proceedings.

Opening statements are presented.

Isidro Baca is called on behalf of the plaintiff, is sworn and testifies on direct examination by the plaintiff.

3:49 p.m. The jury is admonished and excused. Court stands at recess.

4:09 p.m. Court reconvenes. The jury and parties are present.

Isidro Baca resumes the witness stand and continues testimony on direct examination by the plaintiff. Defendant's Exhibits 503, 504, 509 are admitted into evidence.

IT IS ORDERED that trial is continued to Wednesday, March 18, 2015 at 8:30 a.m. in Las Vegas Courtroom 4B.

5:00 p.m. The jury is admonished and excused. Court remains in session outside the presence of the jury. The plaintiff requests if he can wear his prison issued clothing in lieu of the clothes provided for trial. The defendants do not object. IT IS ORDERED that the plaintiff will be allowed to wear his prison issued clothing as long as security approves. The plaintiff also requests accommodations for shower upon his return to the prison. IT IS ORDERED that reasonable accommodations shall be made for the plaintiff to shower upon his return to the institution this evening. The defendants will make arrangements accordingly. IT IS ORDERED that the Rule of Exclusion is invoked.

5:15 p.m. Video Conference of inmates located at Southern Desert Correctional Center, Markice Scott and Timothy Connors. Voir dire proceeds by Ms. Barraclough. Voir dire proceeds by plaintiff. IT IS ORDERED that the inmates' perspective testimony is relevant and they will be allowed to testify at trial by video conference.

Antonetti v. Skolnik, et al
3:10-cv-158-LRH-WGC
Antonetti v. Obama, et al.
3:11-cv-548-LRH-WGC
Jury Trial Day 1
March 17, 2015
Page 4
_____/

Video conference of inmate located at Ely State Prison, Narviez Alexander. Voir dire proceeds by Ms. Barraclough. Voir dire proceeds by plaintiff. IT IS ORDERED that the inmates' perspective testimony is relevant and he will be allowed to testify at trial by video conference.

The Court places findings on the record regarding the inmate testimony to be by video conference only.

Further arguments are presented regarding anticipated testimony from perspective witnesses Mike Stringer and Jack McLaughlin.

IT IS ORDERED that Mike Stringer will not be allowed to testify and Jack McLaughlin may be a potential rebuttal witness upon further showing.

The parties further discuss scheduling of testimony for tomorrow.

6:12 p.m. Court adjourns.


                                      LANCE S. WILSON, CLERK

                                      By:    <u>Dionna Negrete</u>
                                                    Deputy Clerk